## DYE ET AL. *v.* DAVIS.

PARTITION.—*Complaint by Widower of Ancestor's Intestate Daughter.*—A complaint for partition alleged, that a certain intestate had died seized in fee-simple of certain described real estate ; that he left surviving him his widow and four children named, one of the latter being then the wife of the plaintiff ; and that subsequently the plaintiff's wife had died intestate, without issue and without having parted with any of her interest in such real estate, and leaving the plaintiff as her widower.

*Held,* on demurrer, that, for want of an averment either that the plaintiff's deceased wife's mother did not survive her, or that the value of all her property, real and personal. at the time of her death, did not exceed one thousand dollars, the complaint shows his interest to be but three-fourths of the real estate inherited by her.

SAME.—*Abandonment of Wife.— Witness.—Conversation with Wife*—The widow and other children of such ancestor having answered alleging that the plaintiff had forfeited his interest in his wife's estate, under section 34 of the statute of descents, 1 R. S. 1876, p. 414, by abandoning her, etc., he was not competent to testify, as a witness in his own behalf, to a conversation had between himself and his deceased wife, in her lifetime, tending to show that he had not abandoned her.

PRACTICE.—*Motion for New Trial. Admission of Improper Evidence.*—A motion for a new trial, on the ground of the admission of incompetent evidence, should clearly designate the evidence complained of.

From the Hancock Circuit Court.

*J. A. New, I. P. Poulson, A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellants.

*W. R. Hough,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellants, to obtain the partition of certain real estate.

In his complaint, the appellee alleged, in substance, that,

on the 23d day of September, 1873, one William H. Dye died intestate, and was, at and before his death, the owner, and seized in fee-simple, of certain lands and town lots, particularly described, in Hancock county, Indiana; that the said William H. Dye, at his death, left surviving him the appellant Lusetta Dye, as his widow, and William H. Dye, Jr., Mary Davis, then the wife of the appellee, Jane Dye and Frank Dye, as his only children and heirs at law; that afterward, on the 10th day of July, 1876, the said Mary Davis, the wife of the appellee, died at said county intestate, without issue and without having parted with any of her interest in said real estate inherited by her as one of the children and heirs of said William H. Dye, deceased, and leaving the appellee as her surviving husband; that the appellant Lusetta Dye was entitled to the undivided one-third part of all said real estate, according to its value, and that the appellants, William H. Dye, Jr., Jane Dye and Frank Dye, and the appellee, were each entitled to an undivided one-fourth part of the undivided two-thirds part of said real estate, according to its value, each and all in fee-simple. Wherefore the appellee demanded judgment for partition, etc.

After process was personally served on each of the appellants, upon a suggestion that the said Jane and Frank Dye were infants, under the age of twenty-one years, the court appointed James A. New, Esq., their guardian *ad litem.* The appellants then demurred to the appellee's complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled, and they excepted to this decision.

The appellants answered in four paragraphs, the first of which was a general denial, and to the second, third and fourth paragraphs of said answer, the appellee replied by a general denial.

The issues joined were submitted to a jury, and during

the progress of the trial, " by agreement of the parties and said guardian *ad litem,* now here made in open court, this cause is now here withdrawn from the jury, except as to the issues joined herein by the second paragraph of the answer" to appellee's complaint and the appellee's reply thereto ; " and that, upon the issue so formed as aforesaid, the jury shall only be required to make a special finding, in answer to the following interrogatory, to wit : Did the plaintiff, William H. Davis, abandon his wife without just cause, and fail to make suitable provision for her? And that upon the evidence and said interrogatory, and the answer of the jury thereto, this cause shall be and is now here submitted to the court for finding, judgment and decree."

The jury afterward returned into court their answer to said interrogatory, signed by their foreman, as follows : " He did not."

Upon this special finding of the jury, and the evidence given in the cause, the court found for the appellee, that he was the owner in fee-simple, of an undivided one-eighth part of said real estate, and finding also the shares of the appellants, respectively, in said real estate, and that partition ought to be made between the parties, according to their shares in said real estate, as found by the court. Judgment of partition was rendered by the court, in accordance with its finding, and an interlocutory order was made, appointing commissioners to make such partition, and to report their proceedings to the court.

The appellants moved the court for a new trial, which motion was overruled, and to this decision they excepted. At the next term of the court the commissioners made their report of partition, which was approved and confirmed, and final judgment rendered thereon, to all of which the appellants at the time excepted.

In this court, the appellants have assigned, as errors, the following decisions of the court below :

1. In overruling their demurrer to appellee's complaint;
2. In overruling their motion for a new trial;
3. In awarding judgment of partition; and,
4. In confirming the report of the commissioners in partition.

It is claimed by the appellants' counsel, in their argument of this cause in this court, that the appellees' complaint did not state facts sufficient to show, either that he was the sole heir of his deceased wife, Mary Davis, or that he was otherwise entitled, under the law of descents, to the entire share of his deceased wife in the real estate described in the complaint. Because the appellee did not allege these facts, it is insisted by counsel, that the appellant's demurrer to his complaint ought to have been sustained. The appellee alleged, that his wife, Mary Davis, inherited from her deceased father an undivided one-sixth part of the real estate in controversy, and that afterward, at her death, as her surviving husband, he became entitled by descent to her entire share of said real estate. For the purpose of showing, that, as surviving husband, he was entitled to the full share of his deceased wife, Mary Davis, in said real estate, the appellee should have alleged in his complaint, in addition to the facts therein stated, either that his deceased wife, at her death, left no mother living, or that the whole amount of property, real and personal, of which his deceased wife was seized and possessed at her death, did not exceed one thousand dollars. 1 R. S. 1876, pp. 412, 413, secs. 25, 26.

It was alleged in the complaint, that the father of Mary Davis, deceased, William H. Dye, Sr., left, at his death, the appellant Lusetta Dye, as his widow; but it does not follow, as a necessary inference from the fact thus alleged, that said Lusetta Dye was the mother of said Mary Davis, deceased. There was no allegation in the complaint, as to whether the said Mary Davis did, or did not, leave her

mother surviving her, and none whatever as to whether
the whole amount of her property, real and personal, did
or did not exceed one thousand dollars.    It is clear, there-
fore, that the facts stated in the complaint were not suffi-
cient to show conclusively, that the appellee, as the surviv-
ing husband of Mary Davis, deceased, was entitled, by de-
scent, to her full share of said real estate.    But, while this
is so, it is equally clear, we think, that the facts stated
were amply sufficient to show, that, as such surviving hus-
band, the appellee was entitled, under said section 25 of
" An act regulating descents and the apportionment of
estates," approved May 14th, 1852, *supra*, to at least three-
fourths of the share of his deceased wife, Mary Davis, in
said real estate.    To this extent, the complaint stated facts
sufficient to constitute a cause of action in favor of the
appellee, and the demurrer thereto was correctly over-
ruled.

The second alleged error, complained of by the appel-
lants, was the decision of the court in overruling his mo-
tion for a new trial.    In this motion, many causes for such
new trial, consisting chiefly of alleged errors of law oc-
curring at the trial and excepted to, were assigned by the
appellants.    Before considering any of these alleged errors
of law, we may properly state, more fully than we have
hitherto done, the principal issue for trial, in this cause.
This issue was joined, as we have seen, on the second para-
graph of the appellants' answer, by the appellee's reply in
denial thereof.    In this second paragraph of answer, the
appellants alleged, in substance, that they admitted that
said Mary Davis, the deceased wife of the appellee, was a
child and heir at law of William H. Dye, deceased, and
that she died at Hancock county, Indiana, intestate and
without issue or their descendants alive, and that said ap-
pellee was the surviving husband of said Mary Davis, de-
ceased ; but they averred, that heretofore, to wit, on the

3d day of January, 1876, the appellee, the husband of said Mary Davis, deceased, without any cause or provocation whatever, abandoned her, his said wife, leaving her in a destitute and helpless condition, and went to parts unknown, and remained away from his said wife, and away from the family of said decedent, continually, until a long time after her death and burial, which occurred as aforesaid, on the 10th day of July, 1876; and that the appellee did not make, or cause to be made, suitable provision for her, his said wife, before the time he abandoned her as aforesaid, and did not at any time, or in any manner, make for her, or afford to her, any provision for her maintenance, care of her support, after said 3d day of January, 1876, when he so abandoned her.

It is evident, that this paragraph of answer was prepared to make the case provided for in section 34 of the act regulating descents, etc., which section reads, as follows:

" SEC. 34. If a husband shall abandon his wife without just cause, failing to make suitable provision for her, or for his children, if any, by her, he shall take no part of her estate. " 1 R. S. 1876, p. 414.

We come now to the consideration of the alleged errors of law, occurring at the trial and excepted to, and complained of in argument, by the appellants' attorneys in this court. The sixth cause for a new trial, assigned by the appellants in their motion therefor, was as follows:

" 6th. Because the court erred in permitting plaintiff, whilst testifying as a witness in said cause, over defendants' objections, to give in evidence a certain conversation between him, plaintiff, and his said wife, at the house of Lusetta Dye."

The appellee's counsel has objected, in this court, to this sixth cause for a new trial, upon the ground that it did not " point out and specify the evidence, admitted over appellants' objections, with sufficient particularity, to enable the

court below to have readily understood what the evidence referred to was." It is a rule of practice, firmly established by many decisions of this court, that where a party relies upon the admission of incompetent evidence, as a cause for a new trial, he must point out and specify, in his motion therefor, the incompetent evidence referred to, with such reasonable certainty and particularity as that the court, to which the motion is addressed, will readily know and understand what evidence is referred to. Buskirk Practice, pp. 244 to 246, and cases there cited. We do not think, however, that the objection of counsel is well taken to this sixth cause for a new trial; for it seems to us that it does not violate, nor even collide with, the rule, of practice above stated. It designated and pointed out the particular evidence, complained of by the appellants as incompetent, by specifying the appellee as the witness, the evidence complained of as an alleged conversation between the witness and his wife, and the place where such conversation occurred as the house of Lusetta Dye. We are of the opinion, that the appellants specified and pointed out, in their sixth cause for a new trial, the evidence of the appellee, admitted over their objections, with such reasonable clearness and certainty as that the court might readily know and understand what evidence was referred to.

It appears from the record, that while the appellee was on the stand, as a witness in his own behalf, on the trial of the cause, he was asked to state the conversation between him and his wife, at the house of Mrs. Lusetta Dye, to which the appellants "objected, on the ground that the conversation sought to be admitted in evidence was a conversation between husband and wife, and that husband and wife can not disclose any communication from one to the other, made during the existence of the marital relation." This objection was overruled by the court, and to this ruling the appellants excepted; and the appellee was permitted to testify as follows:

" I went into the room; Mrs. Dye went out of the room ; and then my wife said to me : ' Henry, my folks don't want you to come here. I don't know what is the matter with them ; they seem mad at you ; you had better go away somewhere, and get work either at Indianapolis or Greenfield, where you can be near about, if any thing should happen that I should need you.' I told her I would go to my sister's, and she agreed to it; said she : ' When I get better, I'll come to you.' "

It will be readily seen, that the evidence thus admitted over the appellants' objections was material to the issues then on trial, as its tendency was to show that the appellee had not abandoned his deceased wife, Mary Davis, but, on the contrary, he had left her temporarily, with her consent.

In section 2 of "An act defining who shall be competent witnesses in any court or judicial proceeding in this State," etc., approved March 11th, 1867, it is provided, *inter alia*, that, " husband and wife, \* \* \* as to communications made to each during marriage, \* \* \* shall not in any case be competent witnesses, unless with the consent of party making such confidential communication." 2 R. S. 1876, p. 133. It needs no argument, we think, to show, that, under this statutory provision, the court erred in overruling the appellants' objections to the appellee's evidence in regard to the conversation between him and his deceased wife, Mary Davis. The evidence objected to by the appellants, and admitted by the court over their objections, was a communication made to the appellee by and from his deceased wife, Mary Davis, during the existence of the marriage relation between them, and as such it came fairly within the letter and meaning of the statute. The evidence of the appellee was incompetent, and the court erred, we think, in its admission.

The appellants also assigned as causes for a new trial, in

their motion therefor, other alleged errors of law occurring at the trial, and excepted to, in the admission of other evidence by the court over their objections, and in giving and refusing to give certain instructions. The record of the cause is defective, in this, that it does not contain all the evidence given on the trial; nor does it show on its face that it contains all the instructions of the court to the jury. For these reasons, we find it difficult to determine the other questions presented and discussed by the appellants' counsel, in their brief of this cause. Those questions, if they arise again, will probably be presented on a new trial of the case more fully and fairly than they have been presented in the record now before us. Our conclusion is, that the court erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.