Filed April 7, 1885.

———————————

No. 11,036.

## HINTON v. WHITTAKER ET AL.

PARTITION.—*Descents.*—*Husband and Wife.*—*Abandonment.*—To a petition by a surviving husband for partition of lands of which the wife died seized, an answer that before and at her death he had abandoned her without cause, making no provision for her support, is good on demurrer under section 2448, R. S. 1881.

EVIDENCE.—*Practice.*—*Supreme Court.*—*Error Compensatory.*—A party, upon whose objection evidence admissible for either party has been excluded, will not be heard by the Supreme Court to complain of a subsequent exclusion of like evidence offered by him.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge*, for appellant.

*J. W. Kern, B. F. Harness* and *F. Cooper*, for appellees.

HOWK, J.—This suit was commenced by the appellant Hinton, as sole plaintiff, against the appellees Whittaker and others, as defendants, to obtain the partition of certain real estate in Howard county. In his complaint Hinton alleged that he was the owner in fee simple of an undivided one-third part, and that the appellees in certain specified shares were the owners in fee simple of the undivided two-thirds part of the real estate described, as tenants in common; and he asked judgment that his share of such real estate be set off to him in severalty, and for other proper relief. The cause was put

at issue and tried by a jury, and a verdict was returned for the appellees, the defendants below, and over the appellant's motion for a new trial the court adjudged that he take nothing by his suit, and that the appellees recover of him their costs.

The first error of which complaint is made in argument by the appellant's counsel is the overruling of the demurrer to the second paragraph of the appellees' answer. In this paragraph of their answer, the appellees alleged that the appellant ought not to recover in this action, because he owned no interest, legal or equitable, in the real estate described in his complaint; that the only fact upon which he based his right to recover was that he was the husband of Mary W. Hinton, who died intestate on the — day of ——, 1882, seized in fee simple of such real estate, leaving the appellees, her children and grandchildren, surviving her; that the appellees were descendants of Mary W. Hinton in virtue of her first marriage ; that on the 19th day of December, 1872, the appellant and Mary W. Hinton were married, and lived together as husband and wife until the 15th day of October, 1881, when the appellant, then the husband of Mary W. Hinton as aforesaid, without any just cause whatever, abandoned her, his wife, leaving her in a feeble, destitute and helpless condition, and remained away from her until her death as aforesaid, and that he did not make, nor cause to be made, suitable provision, or any provision for her, his wife, before the time he abandoned her as aforesaid, and did not at any time, or in any manner, make for her or afford to her any provision for her maintenance, care or support after the 15th day of October, 1881, when he so abandoned her. Wherefore the appellees said that the appellant owned no part of the real estate aforesaid, and they prayed judgment for their costs, etc.

It is manifest from the facts stated therein, that this paragraph of answer was framed and prepared to present the case provided for in section 2498, R. S. 1881, in force since May 6th, 1853. This section reads as follows: "If a husband

shall abandon his wife without just cause, failing to make suit-able provision for her, or for his children, if any, by her, he shall take no part of her estate."

The second paragraph of answer, the substance of which we have given, states clearly and explicitly the appellant's abandonment of his wife without just cause, and his failure to make suitable provision for her. This was sufficient to show that, under our statute of descents, the appellant as hus-band could take no part of his deceased wife's estate. *Dye* v. *Davis*, 65 Ind. 474. The paragraph of answer closely fol-lows the language of the section of the statute above quoted, and states the precise case wherein the statute declares that the husband "shall take no part" of his deceased wife's es-tate. The court did not err, we think, in overruling the ap-pellant's demurrer to the second paragraph of appellees' answer.

The only other error assigned by the appellant is the over-ruling of his motion for a new trial. Among the causes as-signed by the appellant for such new trial were the following:

3. Error of the court in excluding from the jury the evi-dence of a witness named, offered by the appellant, to this effect: "That the deceased Mary Hinton, the party through whom the parties to this suit all claim title, admitted to wit-ness, after the plaintiff had gone away, and after the time it is alleged by the defendants that he had abandoned her, that plaintiff was coming back in the following spring in time to make garden, when they were going to keeping house again."

4. Error of the court in excluding from the jury the evi-dence of two named witnesses, offered by appellant, which evidence consisted of a conversation the witnesses had with the decedent, Mary Hinton, the party through whom all the parties to this suit claimed title to the real estate in dispute, on the — day of September, 1881, consisting of the declara-tions of such decedent to the effect "that her husband, the plaintiff, was unable to support them both, and that they had agreed to quit house-keeping during the winter following, and

he, the plaintiff, was going to his children in Rush county, Indiana, and that she was going to hers until the spring following;" this statement having been made by such decedent while she was owning and in possession of the lands in dispute.

5. Error of the court in excluding from the jury the evidence of another named witness, offered by appellant, which evidence was to the effect that the decedent, Mary Hinton, in a conversation had about a year before her death, admitted to witness and stated "that plaintiff was unable to keep them both, and that he was going to stay with his children in Rush county, and she with her children, throughout the winter of 1881-2."

The appellees' counsel earnestly insist that the appellant is in no condition to complain here of these alleged erroneous rulings of the trial court, in the exclusion of offered evidence. Counsel say : "If the declarations of Mary W. Hinton were admissible at all to prove the circumstances of the separation between her and plaintiff, it was competent for either party to the action to prove them—both parties claiming title through her." Counsel then cite from the record a number of instances in which the trial court had, upon the appellant's objections, and before making the rulings of which he complains as erroneous, excluded from the jury the declarations of Mary W. Hinton of and concerning the appellant's abandonment of her without just cause, and his failure to make suitable provision for her, when such declarations were offered in evidence by the appellees. The point thus made by appellees' counsel seems to us to be well taken and supported by authority. Gaff v. Greer, 88 Ind. 122 ; S. C., 45 Am. R. 449 ; Lowe v. Ryan, 94 Ind. 450.

Without deciding, therefore, whether the declarations of Mary W. Hinton, offered by appellant and excluded by the court, were or were not competent evidence, we are of opinion that the appellant, having first obtained rulings of the trial court excluding from the jury declarations of the decedent on the same subject when offered by appellees, can not be heard

to complain of the action of the court, as erroneous, in excluding from the jury the declarations offered by himself.

Appellant's counsel also claim that the verdict of the jury was not sustained by sufficient evidence, and that for this cause a new trial ought to have been granted. There was conflict in the evidence, it is true, upon the matters in issue between the parties; but it can not be denied, we think, that there is evidence in the record which tends to sustain the verdict on every material point. In such a case, as has often been decided, this court will not disturb the verdict on what might seem to be the weight of the evidence.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed April 7, 1885.