J. C. WILSON, Appellant, v. LARKIN A. GIBSON *et al.*, Respondent.

Kansas City Court of Appeals, December 2, 1895.

1. **Appellate and Trial Practice:** OBJECTION: EVIDENCE: INSTRUCTION. Where evidence is admitted without objection or exception and the party himself by instruction submits the issue thus raised to the jury, he can not complain in the appellate court.

2. **Trial Practice:** EVIDENCE. Where plaintiff submits evidence to the jury tending to prove a certain theory though it be outside of the pleadings, he can not complain when defendant follows him with testimony on the issue thus raised.

3. **Appellate Practice:** INSTRUCTIONS. Where the instructions fairly present the issue which the parties have tried, neither has any just ground of complaint.

4. ———: CONFLICTING EVIDENCE. Where there is substantial evidence on both sides of a controversy and the trial court refused to interfere with the verdict, the appellate court will not disturb the judgment on account of the weight of evidence.

*Appeal from the Harrison Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*Sallee & Goodman* for appellant.

(1) "The defendant, by merely answering the allegations in the plaintiff's petition can try only such questions of fact as are necessary to sustain the plaintiff's case. *Northrup v. Ins. Co.*, 47 Mo. 435; *Kersey v. Garten*, 77 Mo. 645; *Hudson v. Railroad*, 101

Mo. 13, *loc. cit.* 30; *State v. Williams*, 48 Mo. 210; Bliss on Code Pleading, sec. 352. The defense of payment can not be made under a general denial. Bliss on Code Pleading, sec. 358; *Wilkerson v. Farnham*, 82 Mo. 672, *loc. cit.* 678; Bliss, Code Pleading, sec. 358; *Ennis v. Hogan*, 47 Mo. 513; *Hubber v. Pullen*, 9 Ind. 273; *Stevens v. Thompson*, 5 Kan. 305; *McKyring v. Bull.* 16 N. Y. 297; *Musser v. Adler*, 86 Mo. 445; *Donovan v. Railroad*, 89 Mo. 147; *Flint-Walling Co. v. Bull*, 43 Mo. App. 504; *Reese v. Garth*, 36 Mo. App. 641; *State v. Roberts*, 62 Mo. 388; *Brooks v. Blackwell*, 76 Mo. 309; *Weil v. Poston*, 77 Mo. 284; *Frederick v. Algier*, 88 Mo. 598; *Kuhn v. Weil*, 73 Mo. 213; *Ferman v. Whiteford*, 39 Mo. App. 311; *Bank v. Armstrong*, 62 Mo. 59; *Wade v. Hardy*, 75 Mo. 399; *Kersey v. Garten*, 77 Mo. 235; *Stone v. Richardson*, 21 Mo. App. 17; *Webb v. Allington*, 27 Mo. App. 559; *Yocum v. Trenton*, 20 Mo. App. 496. (2) The instruction given by the court does not properly declare the law. It presented an issue not made by the pleadings in submitting to the jury the question of the docket fee having been included in the amount paid at Albany, there being no such allegation in the answer. *Bank v. Murdock*, 62 Mo. 70; *State v. Nanert*, 2 Mo. App. 295; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Melvin v. Railroad*, 89 Mo. 106; *Kenney v. Railroad*, 70 Mo. 252; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Ely v. Railroad*, 77 Mo. 34; *Waddingham v. Hulet*, 95 Mo. 528; *Camp v. Hulan*, 4 Mo. 591. It withdraws a part of plaintiff's case from the consideration of the jury in ignoring plaintiff's charge of fifty cents paid to express company. That this is error is shown by the following cases: *McDonald v. Railroad*, 32 Mo. App. 70; *Henry v. Bassett*, 75 Mo. 89; *Grier v. Parker*, 85 Mo. 107; *Brown v. McCormick*, 23 Mo. App. 181; *Russell v. Railroad*,

26 Mo. App. 368; *Bailey v. Beasley*, 32 Mo. App. 406. We concede that the item omitted was not great and constituted but a small part of the plaintiff's demand, but plaintiff's right to recover is not determined by the amount claimed or established by the evidence where the court has jurisdiction. *Harris v. Hughes*, 16 Mo. 599; *Whittsett v. Gharkey*, 17 Mo. 325.

*D. J. Heaston* for respondent.

(1) An error or omission in an instruction may be cured by one given at the request of the other party. *Markowitz v. Kansas City*, 125 Mo. 485; *Kitchen v. Railroad*, 59 Mo. 514; *Crawford v. Doppler*, 120 Mo. 362; *Haver v. Schwyhart*, 48 Mo. App. 50; *LeMay v. Railroad*, 105 Mo. 361; *Porter v. Harrison*, 52 Mo. 524; *Loe v. Railroad*, 57 Mo. App. 350. (2) All the instructions given in a case should be read and construed together; and, if when so considered they are harmonious and not calculated to mislead, the judgment will not be reversed merely because any one or more of the series taken separately do not embrace all the issues. *Spillane v. Railroad*, 111 Mo. 555; *Shortel v. St. Joseph*, 104 Mo. 115; *Burdoin v. Trenton*, 116 Mo. 358; *Easley v. Railroad*, 113 Mo. 236; *Crawford v. Doppler*, 120 Mo. 362; *Shaw v. Dairy Co.*, 56 Mo. App. 521; *Distilling Co. v. Creath*, 45 Mo. App. 169; *Haver v. Schwyhart*, 48 Mo. App. 50; *Loe v. Railroad*, 57 Mo. App. 350. (3) Where there is any evidence, though slight, to support a verdict, the appellate court can not interfere; to authorize such influence there must be complete failure of evidence. *Williams v. Monroe*, 125 Mo. 574; *McCartney v. Insurance Co.*, 45 Mo. App. 373; *Kitchen v. Railroad*, 59 Mo. 514; *Wilson v. Maxwell*, 57 Mo. 146; *Peacock v. Nelson*, 50 Mo. 256; *Turner v. Gibbs*, 50 Mo. 556; *Reynolds v. Rogers*, 63

Mo. 17; *Steamboat v. Matthews*, 28 Mo. 248; *Rosecrans v. Railroad*, 83 Mo. 678; *Bray v. Kremp*, 113 Mo. 552; *Smith v. Zimmerman*, 51 Mo. App. 519.

GILL, J.—This is an action to recover $100 for certain services, which the plaintiff, as an attorney, rendered in the preparation of an abstract and brief, and the further sum of $10.50 clerk's fees and express charges paid by plaintiff, all in a criminal case which was pending in the supreme court, wherein the defendants were appellants. That the services were performed and the said $10.50 paid as charged, was admitted; but the defense was that they had been paid for. Briefly stated, the controversy arose out of about this state of facts: Along in 1890, plaintiff and other attorneys were engaged in defending these respondents in certain civil and criminal prosecutions then pending. Defendants were tried on the criminal charge, found guilty and sentenced to confinement in the penitentiary; and from this judgment an appeal was taken to the supreme court. At this point there was a compromise of the civil case, defendants paying $1,500 in satisfaction of that demand. Plaintiff then presented an itemized account of his claim for legal services (amounting, it seems, to an aggregate of about $1,200) and demanded payment. After much dispute and contention as to the reasonableness of these charges, an agreement was arrived at, in accordance with which, defendants paid to the plaintiff $750, which with $50 theretofore paid, made a total of $800. Owing to plaintiff's intimacy with the criminal case then pending in the supreme court, the defendants agreed to go forward and assist the other attorneys in preparing that case for submission to the supreme court. He was not expected to furnish an oral argument in that court, but simply to assist in getting up

the abstract and brief which was to be used there. And this the plaintiff did. He aided in the preparation of the brief and abstract and filed the same with the clerk of the supreme court, paying, too, the $10 docket fee and fifty cents express charges in sending the briefs down. Defendants' contention was, and is, that plaintiff was not to have further pay for these services and docket charges in the supreme court, but that plaintiff agreed and promised, in consideration of said $800 which the defendants had paid him, to do this without additional pay. Plaintiff denied any such agreement and insisted that it was understood that the $800 paid only for services rendered to that date, and that for such future services in the supreme court he was to have additional compensation. On the trial of this issue of fact before a jury, where there was evidence either way, there was a verdict and judgment for defendants, and plaintiff appealed.

I. The first error assigned is that the trial court admitted illegal and incompetent testimony, in that defendants were permitted to prove that the docket fee (so paid by plaintiff) was included in the settlement when said $800 was paid, whereas no such issue was made in the pleadings. On the face of the record we have here, plaintiff is not entitled to make this point. We find in the abstract the evidence referred to, but there seems to have been no objections or exceptions made or saved in relation thereto. Not only this, but plaintiff himself tried the case on the assumption that this was an issue under the pleadings, and at the close of the evidence asked and secured from the court this instruction:

"2. The jury are instructed that it is shown by the testimony that plaintiff paid $10 for docket fee in the supreme court, and fifty cents on account of express charges, and they will find for plaintiff in said sum,

under the second count in plaintiff's petition, with interest at the rate of six per cent from January 1, 1893; unless they shall further believe from the testimony that such sums were included in the amount paid plaintiff at Albany; and the burden of so showing is on the defendants.''

II.   While the witness Peery (an attorney) was on the stand, he was allowed, over plaintiff's objection, to give his opinion as to the value of services which plaintiff had performed and for which defendants had paid on settlement the sum of $800.   The answer was that they were reasonably worth about $550.   Plaintiff now insists that this testimony was irrelevant and incompetent under the petition and answer, and that it was prejudicial to his case.

Regardless, now, of the question as to whether or not such evidence was admissible under the pleadings, we think the plaintiff has likewise barred himself from any complaint on that account.   Before this, the plaintiff while on the stand as a witness, had, with much detail, gone over the various services which he had performed for the defendants prior to the settlement wherein he was paid the sum of $800, and, in effect, had told the jury that they were worth as much as $400 more than he had been paid in said compromise and settlement.   The purpose, doubtless, was to show the jury that, as he had made a large reduction in the charges for services performed before that time, it was hardly reasonable to believe, that he undertook and agreed to yet perform other services, in the way of preparing the case for the supreme court, without further pay.   Since, then, the plaintiff saw proper to place this kind of evidence before the jury, he can hardly be heard to complain that defendants followed him with testimony of the same nature.

III.  As to the instructions, the court gave three for the plaintiff (which was all he requested), and one for the defendants.  It is enough to say of these instructions, that they clearly and fairly presented the issues which the parties themselves had tried, and neither has any just ground of complaint.

IV.  We notice the argument made by plaintiff's counsel, as to what they term the justice or injustice of plaintiff's demand, the injustice of the verdict, etc. But the case has passed the stage when such matters can be considered.  This discussion should have been, and doubtless was, submitted to the jury and the court below.  A decision of the case rested entirely on a question of fact, to wit:  What was the understanding and agreement between the parties?  Was the $800 paid to the plaintiff by the defendants received for, and intended to cover, the legal services, etc., to be performed in the trial in the supreme court, or were such future services outside of that settlement, and to be paid for in addition to such compensation.  There was substantial evidence on both sides of this controversy. The jury gave its verdict in favor of defendants; the trial judge heard the evidence and has refused to interfere; it is therefore outside our province to disturb the judgment, on account of the weight of the evidence.

Being unable to discover any error of law, the judgment will be affirmed.  All concur.