### WHEELER *v.* MOORE, ADMINISTRATOR.

[No. 2,804.   Filed April 6, 1899.]

APPEAL AND ERROR.—*Evidence.*—A judgment will not be reversed on appeal, where there is some evidence supporting it.   *p. 187.*

EVIDENCE.—*Waiver.*—A party waives his right to object to the admission of evidence by himself introducing the same kind of evidence in chief.   *p. 187.*

From the Marion Circuit Court.   *Affirmed.*

*John T. Lecklider* and *William H. Gilbert*, for appellant.

*Albert B. Cole*, for appellee.

HENLEY, J.—This action was commenced by appellant filing his claim in the office of the clerk of the circuit court of Marion county against the estate of John W. Axtell, of which estate the appellee, John L. Moore, was the administrator. The claim was based upon the following state of facts:   Appellant had a first mortgage of $2,000, and the decedent, John W. Axtell, had a second mortgage of $500, on forty acres of land in Miami county, Ohio, which was owned by the wife of Samuel P. Axtell, a brother of the decedent. It is averred in the complaint that appellee's decedent agreed, in consideration that the time of payment of the first mortgage should be extended, that he would pay the same.   In the meantime, John W. Axtell died, and his daughter, who was his only heir, notified appellant that she would not pay the mortgage held by him upon said land, and that he must

look to the land for his money.    Appellant at once began his
action to foreclose his mortgage, obtained a judgment, order
of sale, under which the land was sold, and purchased by ap-
pellant at his own sale for a sum of money less than the full
amount of his debt, interest and costs.    It is for this differ-
ence, amounting to about $600, that the claim in this action
is filed.    A full statement of the facts and circumstances on
which appellant based his claim appears in the complaint.
There was a trial by the court on the issues formed by the
defenses which the statute interposes.    There was a finding
and judgment in favor of appellee.    Appellant moved for a
new trial, which was overruled.    The only error assigned to
this court is that the lower court erred in overruling appel-
lant's motion for a new trial.    It is first contended by counsel
for appellant that the finding and judgment of the lower
court is not sustained by sufficient evidence.    The evidence
is conflicting.    It is shown by the evidence that decedent
refused to indorse or guarantee appellant's claim on being
requested by appellant so to do, and that decedent told appel-
lant, upon refusing to indorse his claim, that he, appellant,
had the first call on the land, and that was all the indorse-
ment that he, decedent, would give.    This is sufficient to
show that there was some evidence upon the trial tending to
prove that decedent never agreed to pay, or in any manner
assume the payment of appellant's claim against Samuel P.
Axtell's land.

This court will not weigh the evidence.    It is also con-
tended that the court erred in admitting certain evidence
offered by appellee on the trial.    It is doubtful if this evi-
dence has been sufficiently identified in the motion for a new
trial to save the question in this court.    Waiving this objec-
tion, we are of the opinion that this evidence was immaterial.
Also, that appellant has waived his right to object thereto by
himself introducing the same kind of evidence in chief.    See
*Gaff* v. *Greer*, 88 Ind. 122; *Lowe* v. *Ryan*, 94 Ind. 450; *Hin-*

tòn v. *Whittaker*, 101 Ind. 344.    We find no error in the record.    Judgment affirmed.

Wiley, J., absent.