[No. 5679. Decided September 29, 1905.]

GEORGE OTT *et al., Appellants,* v. PRESS PUBLISHING COMPANY, *Respondent.*[1]

LIBEL—DAMAGES—MENTAL SUFFERING. Damages for mental suffering may be recovered in an action for a newspaper libel.

LIBEL—DAMAGES FOR MENTAL PAIN AND SUFFERING—INSTRUCTIONS. Error in instructing, in an action for libel, that damages cannot be recovered for mental pain and suffering, is cured where the words were actionable *per se* and the jury were instructed that it was not necessary to prove damages, but found for the defendant upon evidence sufficient to sustain the defense of the truth of the publication.

SAME—MENTAL PAIN AND SUFFERING—MITIGATING CIRCUMSTANCES—ADMISSIBILITY. In an action for libel, where evidence is received of damages for mental pain and suffering, it is proper, under Bal. Code, § 4939, to receive evidence in mitigation of such damages.

SAME—ERRONEOUS ADMISSION OF OTHER PUBLICATIONS—APPELLANT INVITING ERROR BY INTRODUCING EVIDENCE OF ADMITTED PUBLICATIONS. In an action for a newspaper libel of an employment agency, in

1Reported in 82 Pac. 403.

which the publication was admitted, and the plaintiff nevertheless insists upon introducing the paper to show the manner in which the article was published and placed before the public, it is not error to permit the defendant to introduce other issues of the paper containing similar articles concerning other employment agencies; since the plaintiff opened the door for that class of evidence.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 13, 1905, upon the verdict of a jury rendered in favor of the defendant, in an action for libel. Affirmed.

*Franklin P. Speck* and *Harris Baldwin,* for appellants.
*Graves & Graves* and *B. H. Kizer,* for respondent.

CROW, J.—Appellants, who are husband and wife, were, on April 12, 1904, and for some time prior thereto had been, engaged in the business of conducting an employment agency in the city of Spokane. On said date respondent, being the owner and publisher of the Spokane Press, a daily newspaper in said city, published an article relative to appellants' business, which article they claimed to be libelous, and this action was brought to recover damages resulting therefrom. It would not serve any needful purpose to reproduce the article in this opinion. The trial court held the words therein contained, if false, to have been actionable *per se,* and this holding was not resisted by respondent. From April 10 to April 16, 1904, inclusive, respondent published a number of similar articles in reference to other employment agencies. Appellants alleged that, by the publication and circulation of said article, they had suffered great shame, humiliation, sense of disgrace, and infamy, to their damage in the sum of $10,000, and had also suffered loss in their business to their further damage in the sum of $1,000. The article was set forth in the complaint word for word as published.

Respondent admitted its publication, denied its falsity or malice, and pleaded affirmatively, (1) that the article was

true; (2) that it was a fair and true report of interviews had with appellants; (3) that, in making said interviews and publishing said article, respondent had exercised the utmost care to secure a truthful report, and that it had published said article in good faith in the performance of what it believed to be its duty in conducting a public journal. These allegations being denied, a jury trial resulted in a verdict for respondent, and from a judgment entered thereon, this appeal has been taken.

Appellants contend that the trial court erred in instructing the jury that they could not recover any damages for mental suffering. Evidence had been offered and admitted for the purpose of showing mental suffering, upon the part of each of the appellants, caused by said publication. Undisputed evidence was also admitted showing appellants' loss of business, sufficient to have entitled them to a verdict awarding them damages for some amount for such loss, had the words published been shown to be false. We are of opinion that, ordinarily in a case of this character, such an instruction, given without explanation or qualification, would constitute prejudicial error, as upon a proper showing damages for mental pain and suffering may be recovered. *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209.

In view of the entire record, however, we do not think the giving of said instruction entitles appellants to a reversal, the verdict having made the same immaterial. The trial court further instructed the jury that the words contained in the article were libelous and actionable *per se;* that, if they were not true, it was unnecessary for appellants to prove damages, as in such an action the law itself presumes damages to have resulted from the publication, and that, in such event, a jury, if they found the words to have been false, must find for appellants. The jury were also instructed as follows:

"The defendant in this case pleads as an affirmative defense that the publication complained of by the plaintiffs

is true. I instruct you, gentlemen of the jury, that, in an action for damages for libel, truth of the publication is a complete defense. If the publication complained of purports to be an interview with the plaintiffs, or either of them, and the evidence shows that the interview as published was reasonably correct and substantially a true account of the interview, the defense is complete. If, therefore, you should find from the evidence that the publication upon which this action was brought purported. to be an interview with the plaintiffs, and you should further find that the interview as published by the defendant is reasonably correct and substantially a true account of the interview, then plaintiffs cannot recover, and you will find a verdict for the defendant."

Under these instructions, we fail to see how the jury could have misunderstood the court as to the effect of either the truthfulness or the falsity of the article published. There was ample evidence to sustain a finding of its truth, and by returning a verdict for respondent the jury undoubtedly made such finding. Conceding, therefore, that the instruction refusing damages for mental pain was erroneous, such error could not have been prejudicial, as by reason of the truth of the publication, which must have been found by the jury, appellants were not entitled to recover any damages whatever. *Haynes v. Spokane Chronicle Pub. Co.*, 11 Wash. 503, 39 Pac. 969.

The appellants' next assignment of error is based upon the action of the court in permitting respondent to introduce evidence showing, (1) the directions given by the editor to the reporter who wrote the article; (2) as to conversations between the editor and reporter; (3) as to who accompanied the reporter sent in search of information to which the libel relates; (4) as to how often reports were made to the editor; and (5) as to the motive of respondent in publishing the libel. It is not necessary to state in detail the evidence complained of, which was introduced for the purpose of showing all the surrounding circumstances in

mitigation of damages. It is not denied by appellants that this evidence would have been admissible under Bal. Code, § 4939, except for the ruling of this court in *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689, holding that punitive damages cannot be recovered in this state. The said section 4939, reads as follows:

"In an action mentioned in the last section, the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances."

Appellants' theory is that the only damages which could be mitigated would be punitive, their argument being that actual damages, being compensatory only, could not be mitigated, and that evidence of mitigating circumstances should not have been admitted for the purpose of reducing other damages which would be punitive in their character and not recoverable. In answer to this argument it is only necessary to suggest that the doctrine in regard to punitive damages announced in *Spokane Truck & Dray Co. v. Hoefer,* *supra,* did not, when so announced become for the first time a new law of this state, modifying or changing any existing statute. We simply declared and interpreted the law as it already existed prior to the enactment of said § 4939, *supra.* In the later case of *Levy v. Fleischner,* 12 Wash. 15, 40 Pac. 384, Dunbar, J., after having distinguished punitive from actual damages, in a further discussion of the different classes of actual damages, said:

"We do not mean by the term 'actual damages,' the actual damages expressed by the statute, of course, such actual damages as could be definitely determined as the actual loss which the debtor would incur by reason of the attachment, and which loss could be determined or computed; but an undetermined loss and damage which is no less actual by reason of its indeterminate character; such as damage to reputa-

tion, damage to pride and to feeling, and damages of that character, some of which, it is true, are more or less sentimental; . . ."

Our interpretation of the above language is that, as distinguished from punitive damages, there may be two classes of actual damages. Appellants separately claimed actual damages for mental pain and suffering, and for injury to business. While damages for mental pain and suffering may be, and sometimes are, recognized as actual, as distinguished from punitive damages, nevertheless they are, to a certain extent, indefinite, and their value must in all cases be fixed by the jury, in view of all the facts and circumstances surrounding any particular case. In this action appellants were permitted to introduce evidence showing damages of this character, and under said section 4939, *supra*, evidence of mitigating circumstances was certainly admissible as affecting such actual damages. In any event, the statute expressly provides that such evidence may be admitted, and it would be improper for us, in the face of such statute, to hold that it should be rejected.

As above stated, the article complained of was pleaded in the complaint *in haec verba*, and its publication was admitted by the answer, becoming an established fact which it was not necessary for appellants to prove. Appellants nevertheless introduced a copy of the Spokane Press of April 11, 1904, containing said article, although counsel for respondent at the time called their attention to the fact that its publication was so admitted. Appellants, however, insisted that they be permitted to introduce the paper for the purpose of showing the manner in which it was published and placed before the public. The entire paper was introduced, and contained similar articles concerning other employment agencies. Afterwards respondent offered a paper of April 10, a prior date, also containing similar articles as to other agencies, which was admitted without objection,

at least appellants have assigned no error upon its admission. Thereafter respondent also offered in evidence subsequent issues of said paper of April 14, 15, and 16, containing similar articles. To this offer appellants objected on the ground of incompetency and immateriality, which objection being overruled, they have assigned error. We think these papers containing such subsequent publications in regard to other employment agencies were subject to the objection of being incompetent and immaterial, but fail to see how appellants are in a position to complain. They opened the way for evidence of this character by introducing the paper of April 12, 1904, which contained similar articles. It was unnecessary to do this, as the publication of the article referring to themselves had been admitted. Hence appellants are in no position to claim that the admission of the later issues of the paper constituted prejudicial error. *Wilson v. Gibson,* 63 Mo. App. 656; *Wheeler v. Moore,* 22 Ind. App. 186, 53 N. E. 426; *Hartung v. Witte,* 59 Wis. 285, 18 N. W. 175; *Beck v. Biggers,* 66 Ark. 292.

The judgment is affirmed.

MOUNT, C. J., ROOT, RUDKIN, DUNBAR, and HADLEY, JJ., concur.

FULLERTON, J., took no part.