McBRIDE v. SUNSET TELEPHONE CO.

(Circuit Court, D. Washington, W. D. August, 1899.)

1. DAMAGES—BREACH OF CONTRACT—MENTAL SUFFERING.
   Mental anguish and distress alone cannot be made the basis for a recovery of damages for a breach of contract.[1]

2. TELEPHONE COMPANIES—FAILURE TO DELIVER MESSAGE—MEASURE OF DAMAGES.
   A complaint in an action against a telephone company, alleging that by reason of the failure of defendant to deliver a message sent to plaintiff by his son as his agent, and plaintiff's consequent failure to respond to such message, as he would have done had he received it, his wife and children became estranged from him, and his family was broken up, states no ground for the recovery of more than nominal damages, as plaintiff's domestic trouble cannot be presumed to have been the direct or proximate result of the failure to deliver the message, and, if it were, it cannot be considered as a natural result of a breach of the contract which was within the contemplation of the parties.

Action for damages for the negligent failure on the part of the defendant to transmit a message sent to the plaintiff by his son, who, in sending the message, was acting in the interest of the plaintiff and as his agent, the plaintiff being at the time absent from home, and the message was to inform him of the serious illness of his daughter, and to request a remittance of money of which the family were in need. The complaint alleges that in consequence of his not receiving the message the plaintiff remained ignorant of the illness of his child until after her death, and because of his apparent neglect his wife and children have become estranged, and his home has been broken up, and he has suffered great mental anguish and distress. Heard on demurrer to the complaint, which, by agreement, was argued and submitted for the purpose of testing the question as to the proper measure of damages. Demurrer sustained for the reason that the defendant is liable only for nominal damages and costs.

Frank S. Carroll and Frank Allyn, for plaintiff.
Struve, Allen, Hughes & McMicken, for defendant.

HANFORD, District Judge (after stating the facts as above). The complaint certainly states a cause of action, and shows the

---

[1] As to mental suffering as an element of damages, see notes to Railway Co. v. Caulfield, 11 C. C. A. 571; Telegraph Co. v. Coggin, 15 C. C. A. 250, and Telegraph Co. v. Morris, 28 C. C. A. 62.

plaintiff to be entitled to recover at least nominal damages and costs, but by agreement of the parties the case is to be considered with respect to the rule of damages. In their brief, counsel for the plaintiff say: "The doctrine that one may recover for mental anguish alone is, in our opinion, taking advanced grounds in judicial decisions and in the opinions and minds of the best lawyers." It is the business, however, of courts in adjudicating the rights of individuals, to apply the rules of law as they exist, and not to take advanced grounds, or to depart from fixed principles. Whenever courts assume legislative functions by attempting to give relief in a hard case, when, in order to do so, it is necessary to overstep the limits of judicial power, more harm is likely to result than benefit. The only cases in which courts may legitimately take advanced grounds is when new conditions present new problems to be solved, but even then the object should be to merely accomplish the adjustment of individual rights affected by new conditions consistently with the existing laws, and leave to the legislature the task of changing, amending, or creating laws. The authorities cited upon the argument leave no doubt in my mind that the amount of damages to be awarded for the breach of a contract cannot, consistently with legal principles governing the assessment of damages, be increased on account of mental distress. If mental distress is to be compensated, the amount of damages should correspond with the degree of suffering. The degree of suffering will depend rather more upon the temperament and physical condition of the injured party than upon the degree of culpability of the wrongdoer. To render fair compensation for the mental anguish of a person of refined ideas and sensitive organization, or to a person whose suffering may have been greatly augmented by nervous debility at the time, would subject the defendant to consequences quite as severe as the rule of vindictive damages applicable in cases of malicious torts, and he would have to pay for his adversary's infirmity, rather than for the natural or probable effect of his own wrongful act or neglect. The plaintiff in this case, however, does not ask for damages alone upon the ground of mental anguish, but claims that in consequence of the wrongful failure on the part of the defendant to properly direct and transmit the message sent by his son to inform him of the serious illness of his daughter, and requesting him to remit money necessary for the use of his family in the situation in which they were placed by reason of his absence and the fatal illness of his daughter, he was prevented from making such a response to the message as he would have made if he had received it; and, not receiving such a response to the message as they had a right to expect, the members of his family were so shocked and outraged in their feelings that they have ceased to regard him with affection or respect, and they have since refused to accept any explanation of his conduct, and have separated from him, so that his relations with his wife and children have been severed. Admitting that the law will award damages as compensation for such a loss as the plaintiff alleges that he has sustained when caused by the meddlesome or malicious act of another in purposely making false representations for the purpose

of alienating the affections of a wife or husband or child, still the claim made in this case does not rest upon similar ground. The gravamen of this case is a mere breach of a contract through the negligence of the defendant's servants and employés, involving no malice or purpose on the part of the defendant to injure the plaintiff. The failure to transmit the message is not the direct or approximate cause of the disruption of the plaintiff's family. If he is a kind and dutiful husband and father, the refusal on the part of his wife and children to accept a reasonable explanation of his apparent neglect proves conclusively such perversity and unlovely dispositions in them that the distress and humiliation and loss which the plaintiff alleges he has suffered must be attributed to their unreasonable behavior, rather than to the defendant's breach of its contract. It is true that the plaintiff charges that all the unpleasantness in his domestic affairs is due to the breach of the contract, but this is a mere conclusion, and not controlling. The facts set forth in the complaint must be considered, and it is for the court to determine whether the facts support the conclusion. At any rate, in awarding damages for a broken contract, the party in fault can only be held liable for such natural consequences of a breach of contract as may be fairly inferred were in contemplation of the parties at the time of entering into the contract. A party undertaking to carry or transmit a message under the circumstances described in this complaint, if he stopped to consider what might be the consequences of his failure to deliver the message, would not be apprised, nor have any reason to infer, that his neglect would be visited upon the sendee of the message, and be made the ground for a permanent separation from him by his wife and children. I hold that no more than nominal damages and costs can be recovered in this case, because mental anguish alone affords no basis for the computation of damages; and the breaking of the contract cannot be presumed to be the direct or approximate cause of the domestic trouble alleged in the complaint, and, if it were so, the trouble cannot be presumed to have been a natural consequence of the breaking of the contract which the parties could have had in contemplation at the time when it was made. Demurrer sustained, but, unless the pleadings shall be amended, the judgment to be rendered will be in favor of the plaintiff for the sum of one dollar and costs.