[No. 11737.    Department Two.    July 23, 1914.]

CHARLES E. CORCORAN et al., *Respondents*, v. POSTAL TELEGRAPH-CABLE COMPANY, *Appellant*.[1]

COMMON LAW—RULE OF DECISION. The common law is the rule of decision in the courts of the state of Washington, except where other rules may be prescribed by the constitution and statutes, because of the source of our institutions, and as further declared by legislative enactment in Rem. & Bal. Code, § 143.

DAMAGES—PUNITIVE—ALLOWANCE. Punitive damages are not recoverable in this state, even when the injury upon which the claim is rested flows from gross negligence or wilful wrong, except when expressly allowed by statute.

TELEGRAPHS AND TELEPHONES—DELAY IN TRANSMISSION OF MESSAGES—DAMAGES—MENTAL SUFFERING. Mental suffering, resulting from the negligence of a telegraph company in the delivery of a telegram entrusted to it, is not ground for the allowance of damages, in the absence of statute providing therefor, as it is governed by the common law doctrine, and does not involve its application to new conditions, not being different in principle from cases of negligent delay in conveying messages from one person to another resulting in mental suffering arising before the invention of the telegraph.

SAME—DELAY IN TRANSMISSION OF MESSAGES—DAMAGES. The award of damages in the sum of the price paid by plaintiff for the transmission of a message, which was delayed in delivery by the negligence of defendant, is not a damage so connected with plaintiff's mental suffering as to warrant the enhancement of the award by the attendant mental suffering occasioned.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered September 6, 1913, upon find-

[1]Reported in 142 Pac. 29

ings in favor of the plaintiffs, in an action for damages from failure to deliver a telegram, tried to the court. Reversed.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp* (*W. W. Cook*, of counsel), for appellant.

*McCafferty, Robinson & Godfrey* (*M. J. Costello*, of counsel), for respondents.

PARKER, J.—The plaintiffs seek recovery of damages for mental suffering alone, independent of any physical injury or financial loss, which they allege was caused by the defendant's negligent failure to promptly deliver a telegram, sent over its lines by the plaintiff Mabel Corcoran, from Seattle, to the plaintiff Charles E. Corcoran, at St. Paul, Minnesota, informing him of the serious illness of their child. A trial before the court without a jury resulted in findings and judgment in favor of the plaintiff for the sum of $500, from which the defendant has appealed.

The controlling facts are not in dispute, and may be summarized as follows: Respondents live in Seattle. On September 3, 1910, Mrs. Corcoran caused a telegram to be delivered to appellant at Seattle, for transmission to her husband, then absent on a visit to his parents, in St. Paul, Minnesota, reading as follows:

"Mr. Chas. Corcoran, 690 Rice Str., St. Paul, Minn. Baby very low.  [Signed] Mabel."

The usual toll of seventy-five cents was then paid to appellant for the transmission of the message. 690 Rice Street, St. Paul, was the address of the home of Mr. Corcoran's parents, where he was then staying. By some error of appellant's servants, occurring in the transmission of the message, the "6" became changed to "4," so that, when it reached St. Paul, the address read "490" instead of "690," Rice street. This caused a delay in the delivery of the message to Mr. Corcoran, it being finally received by him at Seattle through the mail from his parents in St. Paul. He left St.

Paul for his home in Seattle on September 8, 1910, without having received the message or any word from his wife touching the child's condition, and upon his arrival at home in Seattle on September 11, found that his child had died and been buried a few days previous, the funeral having been delayed as long as possible. No communication passed between Mr. and Mrs. Corcoran from the time she sent the message on September 3 to the time of his arrival at home in Seattle on September 11. The mental suffering of Mr. and Mrs. Corcoran claimed to have resulted to them from the delay in the delivery of this message is the sole ground of their claim of damages in this action, except the amount of the toll paid for the transmission of the message.

There is here presented the problem: Does mental suffering, independent of injury and financial loss, resulting from mere negligent delay in the transmission and delivery of a telegram, render the company accepting such telegram for transmission and receiving pay therefor liable in damages, measurable in money, to the sender and receiver whose mental suffering results from such negligent delay? Counsel for appellant contend that there is no such liability in this state, in view of the common law, which is in force here, in the absence of controlling statutory law. We have no statute in this state relating to damages of this nature. Since the beginning of civil government in the territory now occupied by our state, the common law has been the rule of decision in our courts except where other rules are prescribed by the constitution or statutes. It has been so declared by legislative enactment. Rem. & Bal. Code, § 143 (P. C. 81 § 1). Indeed, it would necessarily be so, even in the absence of legislative declarations, because of the source of our civilization and institutions. We have, it is true, adapted the common law and its reason to new conditions as they arose, and thereby occasionally worked what may be regarded as innovations therein, when viewed superficially, but the spirit and reason of the common law have, as understood by our courts,

always been their source of guidance when statute and con-
stitution were silent touching the problem in hand. What,
then, are the respective rights of the parties to this contro-
versy, measured by the rule and reason of the common law
as it exists here?

That mental suffering, independent of physical injury,
does not, at common law, render a person who merely neg-
ligently causes such suffering answerable in damages there-
for is settled by the decisions of the great majority of the
states of the Union, and by an unbroken line of decisions of
the Federal courts. This court indicated its adherence to
this doctrine in *Turner v. Great Northern R. Co.*, 15 Wash.
213, 46 Pac. 243, 55 Am. St. 883; though the application of
the rule to the situation here involved was not there under
examination. Nor has the application of the rule to claimed
damages for mental suffering resulting from mere negli-
gence flowing from delay in the delivery of a telegraph mes-
sage ever been the subject of inquiry in this court. In *Wy-
man v. Leavitt*, 71 Me. 227, 229, 36 Am. Rep. 303, Justice
Virgin, speaking for the court, said:

"In trespass for assault and battery, the jury may con-
sider not only the mental suffering which accompanies and
is a part of the bodily pain, but that other mental condition
of the injured person which arises from the insult of the de-
fendant's blows. *Prentiss v. Shaw*, 56 Maine 427; *Wads-
worth v. Treat*, 43 Maine 163. Or for an assault alone,
when maliciously done, though no actual personal injury be
inflicted. *Goddard v. Grand T. Ry.*, 57 Maine 202; *Beach
v. Hancock*, 27 N. H. 223; 2 Greene's Cr. Rep. 269. So in
various other torts to property alone when the tort-feasor
is actuated by wantonness or malice, or a willful disregard
of others' rights therein, injury to the feelings of the plain-
tiff, resulting from such conduct of the defendant, may prop-
erly be considered by the jury in fixing the amount of their
verdict.

"But we have been unable to find any decided case, which
holds that mental suffering alone, unattended by any injury
to the person, caused by simple actionable negligence, can

sustain an action.   And the fact that no such case exists, and
that no elementary writer asserts such a doctrine, is a strong
argument against it.   On the contrary, it has been held that
a verdict, founded upon fright and mental suffering, caused
by risk and peril, would in the absence of personal injury, be
contrary to law.   *Canning v. Williamstown,* 1 Cush. 451.   So
it is said (in *Lynch v. Knight,* 9 Ho. L. 577, 598) that,
'mental pain and anxiety the law cannot value, and does not
pretend to redress when the unlawful act complained of causes
that alone.'   Again, in *Johnson v. Wells,* 6 Nev. 224 (3 Am.
R. 245), after a very elaborate examination, it was held that
pain of mind aside and distinct from bodily suffering, cannot
be considered in estimating damages in an action against a
common carrier of passengers.   If the law were otherwise, it
would seem that not only every passenger on a train that was
personally injured, but every one that was frightened by a
collision or by the trains leaving the track, could maintain an
action against the company."

That decision was rendered in 1880, and we deem it safe
to assert that, up to that time, no court of any common law
state or county had ever expressed a view of the common law
at variance with this.   We quote from this decision as author-
ity for this doctrine as then universally recognized, not only
because of its clear statement thereof, but also because, in
1881, the year following, the law was, for the first time,
thought to be otherwise in telegraph cases by the supreme
court of Texas, as expressed by its decision in *So Relle v.
Western Union Tel. Co.,* 55 Tex. 308, 40 Am. Rep. 805,
which later found a following in the courts of Kentucky,
North Carolina, Alabama and Tennessee.   *Chapman v. West-
ern Union Tel. Co.,* 90 Ky. 265, 13 S. W. 880; *Young v.
Western Union Tel. Co.,* 107 N. C. 370, 11 S. E. 1044, 22
Am. St. 883, 9 L. R. A. 669; *Western Union Tel. Co. v.
Rowell,* 153 Ala. 295, 45 South. 73; *Wadsworth v. Western
Union Tel. Co.,* 86 Tenn. 695, 8 S. W. 574, 6 Am. St. 864.
In the case last cited, Justice Lurton, late of the supreme
court of the United States, expressed views in harmony with
the common law rule in a vigorous dissenting opinion, con-

curred in by Justice Folkes. The Texas doctrine was, for a time, followed in Indiana. The Indiana court, however, has since then receded, and now adheres to the generally accepted common law rule. The common law rule has been applied and so thoroughly dealt with in telegraph cases involving delayed messages relating to sickness and death that it is unnecessary to quote from, or review, others. In *Western Union Tel. Co. v. Rogers*, 68 Miss. 748, 756, 9 South. 823, 24 Am. St. 300, 13 L. R. A. 859, the court said:

"Expressions used by the courts as argument or illustration in those cases, in which damages for mental suffering are recoverable because such suffering is declared to be inseparable from physical pain and injury, have been seized upon as sustaining a right of action for mental suffering alone, or for such suffering coupled with the right in the plaintiff to merely nominal damages.

"Damages for mental suffering have been very generally allowed in three classes of cases: (1) Where by the merely negligent act of the defendant physical injury has been sustained, and in this class of cases they are compensatory, and the reason given for their allowance by all the courts is that the one cannot be separated from the other. (2) In actions for breach of contract of marriage. (3) In cases of wilful wrong, especially those affecting the liberty, character, reputation, personal security or domestic relations of the injured party.

"The decisions in Texas, Tennessee, Kentucky, Indiana and Alabama rest upon arguments and illustrations drawn from cases of one or the other of these classes, or upon the general proposition that damages must in all cases be commensurate with the injury sustained to the extent that they were in the contemplation of the parties to a contract, or should have been foreseen as the probable consequences of his conduct by the negligent defendant. These decisions are not, in our opinion, sustained by any of the analogies by which they are sought to be supported. These cases are totally different from those in which damages for mental suffering have been allowed, and it is notable that in no one of them is there a citation of a single case, decided prior to the case of *So Relle*, in which an action for breach of contract (except actions for breach of contract of marriage), or in an action

on the case for injuries resulting from mere negligence, damages were allowed for mental pain disconnected from physical injury.

"There is an absence of authority upon the direct question of the right of recovery for mere grief or disappointment, probably for the reason that prior to the *So Relle* case the bar had not entertained the view that an action therefor could be maintained, but there are several cases in which responsibility for mental disturbance by reason of fright has been considered.

"It has been held that fright attending an accident resulting from negligence, by which bodily injury was sustained, was properly considered by the jury in awarding damages. *Seger v. Barkhamsted,* 22 Conn. 290; *Masters v. Warren,* 27 Ib. 293; *Cooper v. Mullins,* 30 Ga. 146; *Canning v. Williamstown,* 1 Cush (Mass.) 451. But where there is no bodily injury, damages for fright should not be given. *Canning v. Williamstown, supra; Railway Co. v. Coultas,* Law Rep. 13 App. Cases, 222; *Wyman v. Leavitt,* 71 Me. 227; *Lynch v. Knight,* 9 H. L. 577, 598.

"In *Flemington v. Smithers,* 2 C. & P. 292, the plaintiff sued to recover for injuries inflicted upon his minor son and servant by the negligence of the defendant, and claimed compensation for the injury to his parental feelings; but the claim was rejected.

"We are not disposed to depart from what we consider the old and settled principles of law, nor to follow the few courts in which the new rule has been announced.

"The difficulty of supplying any measure of damages for bodily injury is universally recognized and commented on by the courts. But in that class of cases demands for simulated or imaginary injuries are far less likely to be made than will be those in suits for mental pain alone. No one but the plaintiff can know whether he really suffers any mental disturbance, and its extent and severity must depend upon his own mental peculiarity. In the nature of things, money can neither palliate nor compensate the injury he has sustained. 'Mental pain and anxiety the law cannot value, and does not pretend to redress when the unlawful act complained of causes that alone.' *Lynch v. Knight,* 9 H. L. 577."

In *Chapman v. Western Union Tel. Co.,* 88 Ga. 763, 15 S. E. 901, 30 Am. St. 183, 17 L. R. A. 430, some very per-

tinent observations are made by Justice Lumpkin, speaking for the court, touching this doctrine and the seeming, but not real, exceptions thereto, as follows:

"Some of the cases rest on breach of contract; of which some hold that the sendee also, being the beneficiary of the contract, can maintain the action for its violation. . . . This view grapples with the big question, how can one, in an action for breach of contract, recover for mere disappointment or anguish of mind resulting from the breach? See *Walsh v. Chicago R. Co.*, 42 Wis. 23, 24 Am. Rep. 376. The answer given is, that the subject-matter of the contract is feeling, and the damage to feeling by noncompliance was plainly in contemplation of the parties making the contract. The breach of many a contract which the injured party desires performed, brings disappointment and blasted hopes. Yet these mental consequences, if unattended with other loss, have not usually been regarded ground of recovery. The stronger view is that the recovery, whether by sender or sendee, is had for the tort or breach of common law or statutory duty, the contract serving merely to create the relation of duty between the parties. . . . Regarding the nature of the damages, the majority opinion in this class of decisions is that they are strictly compensatory, and take on the vindictive or exemplary feature only in cases where the injury is willful, wanton or malicious.

". . . It is remarkable that the opinions declaring in favor of recovery can point to no positive authority older than the first Texas decision in 1881. They do refer to certain classes of cases where mental suffering is admitted as an element to be considered by the jury in making their estimate of the damages, namely, actions for slander or libel, for seduction, for assault without physical injury, for breach of promise of marriage, and for physical injuries. But in every one of these, it has been maintained that there is a necessary and inseparable ingredient of pecuniary injury. See *W. U. Tel. Co. v. Rogers, supra*. In slander and libel, where the action is founded on words not actionable *per se*, there must be proof of special damage. And where the words are actionable *per se*, they have a sure tendency to degrade the citizen in the estimation of his fellows, which results in damage to

his social influence and business efficiency. Besides, malice (express or implied) is an essential element in such cases. In seduction, it has been necessary from ancient times for the plaintiff to prove a loss of services, or a relation from which such loss might occur, else the action could not be maintained. Thus a brother, not standing *in loco parentis*, however great his anguish and however keenly he may have felt the disgrace and mortification caused by the wrong-doer, could not recover for his mental suffering. In actions for technical assault, where no physical injury was inflicted or battery committed, damages are said by some of these authorities to be given wholly for mental suffering. Yet it may be that, the injury being essentially willful, substantial damages are given by way of punishing or making an example of the wrongdoer. An assault is an active threat against the body, an offer of violence endangering the person, which the law redresses even in its initial stage, thus protecting the physical person more completely. In actions for breach of promise, the plaintiff's financial loss plays a conspicuous part. Evidence showing the defendant's station and reputed wealth is admissible. At common law, the husband on marriage assumed the wife's debts and responsibility for her torts and for support appropriate to their station. He took a large share of her property by that event, and she acquired some rights in his property. This suffices to show that the breach of marriage promise involved important pecuniary consequences. In actions for physical injuries, the great consideration is the loss of time and the diminution of capacity for work, of course allowing also for the pain endured. So far as mental suffering originating in physical injury is concerned, it is rightly treated as undistinguishable from the physical pain. On ultimate analysis, all consciousness of pain is a mental experience, and it is only by reference back to its source that one kind is distinguished as mental and another as physical. So in cases of physical injury, the mental suffering is taken into view. But, according to good authorities, where it is distinct and separate from the physical injury, it cannot be considered."

In *Peay v. Western Union Tel. Co.*, 64 Ark. 538, 544, 43 S. W. 965, 39 L. R. A. 463, Justice Hughes, speaking for the court, observes:

"It will be borne in mind that the damages claimed in this case are alleged to have been caused by a breach of contract. In a majority of instances the breach of a contract merely causes disappointment, annoyance, and more or less mental trouble or distress. But it would be an unwarranted stretch of the law, in our opinion, to hold that, for mental anguish caused by violation of a contract merely, damages could be recovered in an action at law. We do not think that damages for mental pain and suffering alone can be measured by any practical or just rule. It is asked, what difference can there be between allowing damages for mental pain and anguish unattended with physical injury, and allowing damages for pain and anguish resulting from physical injury? There is this difference with us,—that damages for mental pain and anguish caused by physical injury have always been allowed by law, while damages for mental pain and anguish, unattended with physical injury, have been allowed by law only since the decision of the *So Relle* case in 1881, when the Texas court departed from the doctrine of the common law, which we think sound, and announced a new doctrine, unsupported by the authority, as we believe, of any well-considered case before it. While we do not want to be understood as clinging to ideas and doctrines that are ancient, because they are ancient merely, if they are contrary to reason and right, yet we have great respect for the conservatism of the law, and will not depart from its long and well-settled doctrines, supported by eminent authority, and founded in reason and justice.

"Even if the difference in principle between allowing damages for mental pain and anguish, the result of physical injury, and disallowing damages for such pain and anguish unaccompanied by physical injury, be such as not to be defined,—merely chimerical,—this is no reason why we should say that damages for mental anguish, independent of physical injury, should be allowed. No statute allows them in such case; the common law does not allow them; and, in our opinion, the weight of adjudication is against the right of recovery in such cases. In determining a principle in the law which, in its application, at least, seems to be new and but recently thought of, it is highly important to consider precedents, and is legitimate, in our view, to look to consequences that will follow, as certainly as night follows the day,

from the recognition of a doctrine that will affect most seriously the welfare of the people. The intolerable and interminable litigation such a doctrine would foster is beyond the reach of an ordinary imagination."

In *Connelly v. Western Union Tel. Co.*, 100 Va. 51, 55, 40 S. E. 618, 93 Am. St. 919, 56 L. R. A. 663, it is said:

"It is conceded in nearly all of the decided cases in this country, and by the text-writers, that the general rule which has come down to us from England is that mental anguish and suffering resulting from mere negligence, unaccompanied with injuries to the person, cannot be made the basis of an action for damages."

In *Francis v. Western Union Tel. Co.*, 58 Minn. 252, 261, 59 N. W. 1078, 49 Am. St. 507, 25 L. R. A. 406, Justice Mitchell, speaking for the court in his usual vigorous and convincing manner, touching the rule of the common law and its reason, said:

"The law has always been exceedingly cautious in allowing damages for mental suffering, for the manifest reasons, among others, that such damages are more sentimental than substantial, depending largely upon temperament and physical and nervous condition. The suffering of one under precisely the same circumstances would be no test of the suffering of another, and there being no possible standard by which such an injury can be even approximately measured, they are subject to many, if not most, of the objections to speculative damages which are universally excluded. In no case will an action for damages lie for mental suffering caused by an act which, however wrongful, infringes no legal right of the party. In actions for a tort resulting in physical injuries, of which mental suffering forms a component part, the latter is permitted to be taken into account in the assessment of damages; and where the tort is willful, and of a character as naturally and necessarily to injure the feelings, damages for such injuries are sometimes allowed, although there was no physical injury or pecuniary loss. *Larson v. Chase*, 47 Minn. 307 (50 N. W. 238), perhaps goes as far in that direction as any case to be found in the books. In this latter class of cases such damages are often but another name for punitive damages. But we are not concerned here with the ques-

tion when such damages may be recovered in actions of tort. We think we are warranted in asserting that the doctrine that damages for mental suffering resulting from a breach of contract is wholly unknown to and unauthorized by the common law, unless 'telegraph cases' are to be made an exception."

In the following decisions involving claims of damages resting upon mental suffering flowing from negligence in delivery of telegrams, relating to sickness and death, the holdings are in strict harmony with the views indicated by the decisions above quoted: *Russell v. Western Union Tel. Co.*, 3 Dak. 315, 19 N. W. 408; *International Ocean Tel. Co. v. Saunders*, 32 Fla. 434, 14 South. 148, 21 L. R. A. 810; *Western Union Tel. Co. v. Ferguson*, 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 546; *West v. Western Union Tel. Co.*, 39 Kan. 93, 17 Pac. 807, 7 Am. St. 530; *Connell v. Western Union Tel. Co.*, 116 Mo. 34, 22 S. W. 345, 38 Am. St. 575, 20 L. R. A. 172; *Davis v. Western Union Tel. Co.*, 46 W. Va. 48, 32 S. E. 1026; *Summerfield v. Western Union Tel. Co.*, 87 Wis. 1, 57 N. W. 973, 41 Am. St. 17; *Lewis v. Western Union Tel. Co.*, 57 S. C. 325, 35 S. E. 556; *Western Union Tel. Co. v. Chouteau*, 28 Okl. 664, 115 Pac. 879, Ann. Cas. 1912 D. 824. See, also, 37 Cyc. 1775, and cases cited.

Turning, now, to the views of the Federal courts, we find the common law doctrine, as understood and universally recognized prior to 1881, adhered to without dissent in its application to claims for damages for mental suffering flowing from negligent delay in delivery of telegrams. In *Kester v. Western Union Tel. Co.*, 55 Fed. 603, ex-President Taft, then circuit judge, touching the rule and its reason, said:

"The difficulty of estimating a pecuniary compensation for mental anguish is itself a sufficient reason for the common-law rule in preventing a recovery for mental anguish in actions for simple negligence or breach of contract. The amount of litigation which would grow out of the adoption of such a rule would be intolerable. The measure of damages to be adopted would be so indefinite and so indefinable as to subject

the defendant in such cases to the possibility of great oppression. The difficulty of securing evidence as to the actual mental suffering is another reason why it could not be made the sole basis of an action. It has generally been allowed to be considered as an element in fixing damages in two classes of cases. The first is where there has been a physical injury and physical suffering of such a character that it would be difficult to distinguish between the mental and physical suffering; and the second class of cases is where the injury complained of contains an element of malice, and the damages for mental suffering are left to the jury to be fixed as a kind of punitive or exemplary damages. This case of course comes under neither head. In slander and libel, the action cannot be founded solely on mental suffering. There must be some other damage alleged before a cause of action is stated."

In *Western Union Tel. Co. v. Wood*, 57 Fed. 471, 478, 21 L. R. A. 706, Judge Pardee, presiding justice, speaking for the court of appeals for the fifth circuit, said:

"The general rule that mental anguish and suffering, unattended by any injury to the person, resulting from simple actionable negligence, cannot be sufficient basis for an action for the recovery of damages, is maintained and supported by an unbroken line of English authorities, by the conceded state of the general law prior to the *So Relle* case, 55 Tex. 308 (in 1881), and by the uniform decision of the federal courts . . .

"We have carefully considered the question presented, having been aided by able counsel orally and with elaborate briefs, and our conclusion is that upon principle, and the weight of authority, damages cannot be recovered from a telegraph company for mental anguish resulting from simple negligence in the prompt delivery of a telegraphic message, as the same are too uncertain, remote, and speculative."

In the following Federal cases, all involving claims of damages of the nature here involved, the courts adhere to these views: *Chase v. Western Union Tel. Co.*, 44 Fed. 554, 10 L. R. A. 464; *Crawson v. Western Union Tel. Co.*, 47 Fed. 544; *Tyler v. Western Union Tel. Co.*, 54 Fed. 634; *Gahan v. Western Union Tel. Co.*, 59 Fed. 433; *Stansell v. Western*

*Union Tel. Co.*, 107 Fed. 668; *Western Union Tel. Co. v. Sklar*, 126 Fed. 295; *Rowan v. Western Union Tel. Co.*, 149 Fed. 550; *Western Union Tel. Co. v. Burris*, 179 Fed. 92.

The following decisions touching claims of damage for mental suffering unaccompanied by physical injury or wilful wrong in other than telegraph cases are equally illustrative of the common law rule and its reason: *Braun v. Craven*, 175 Ill. 401, 51 N. E. 657, 42 L. R. A. 199; *Cole v. Gray*, 70 Kan. 705, 79 Pac. 654; *Sappington v. Atlanta & West Point R. Co.*, 127 Ga. 178, 56 S. E. 311; *Mitchell v. Rochester R. Co.*, 151 N. Y. 107, 45 N. E. 354, 56 Am. St. 604, 34 L. R. A. 781; *Miller v. Baltimore & O. S. W. R. Co.*, 78 Ohio St. 309, 85 N. E. 499, 125 Am. St. 699, 18 L. R. A. (N. S.) 949; *Huston v. Freemansburg Borough*, 212 Pa. St. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49; *Southern Telegraph Co. v. King*, 103 Ark. 160, 146 S. W. 489; *Morse v. Duncan*, 14 Fed. 396; *Wilcox v. Richmond & D. R. Co.*, 52 Fed. 264, 17 L. R. A. 804; *Kyle v. Chicago, R. I. & P. R. Co.*, 182 Fed. 613.

Are we correct in assuming that this court has not, in any of its decisions, expressed views at variance with the common law rule as understood and applied by the great majority of the courts as above indicated? Let us notice our own decisions relied upon by counsel for respondents. In *Willson v. Northern Pac. R. Co.*, 5 Wash. 621, 32 Pac. 468, 34 Pac. 146, damages were claimed for injury to feelings and mental suffering flowing from the expulsion of a passenger from a car, unaccompanied by physical force or violence. Damages were allowed in that case to the passenger, but upon the theory that the act complained of was wilful and was accompanied by duress. There was in law a physical wrong committed against the person. In *Gray v. Washington Water Power Co.*, 30 Wash. 665, 71 Pac. 206, the plaintiff was awarded compensation for mental suffering on account of personal disfigurement resulting from a physical injury caused by the defendant. Manifestly, the mental suffering was in-

separable from the physical. This is an example of one of the most common class of cases wherein mental suffering enters into the measurement of damages. In *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802, damages were allowed the plaintiff because of the defendant's wilful expulsion of her from a public park where she had a right to be. Here, again, is an example of a wilful wrong accompanied by duress. In *Ott v. Press Publishing Co.*, 40 Wash. 308, 82 Pac. 403, damages were claimed by plaintiff because of his mental suffering flowing from the publishing of a libel against him. This, also, was a wilful wrong, the libelous words being actionable *per se*, and tending to degrade and work financial loss to the plaintiff. In *McClure v. Campbell*, 42 Wash. 252, 84 Pac. 825, damages were allowed the plaintiff for mental suffering flowing from his wrongful eviction from premises. Here, again, the action was wilful and accompanied by duress. In *Nordgren v. Lawrence*, 74 Wash. 305, 133 Pac. 436, damages were allowed for mental suffering flowing from a wrongful entry upon the plaintiff's premises, though no physical injury was inflicted upon her, but this also was a wilful wrong, inflicted upon the plaintiff by the invasion of the sacred precincts of her home. The wrongful act was a physical invasion of the plaintiff's personal rights. In *Wright v. Beardsley*, 46 Wash. 16, 89 Pac. 172, the plaintiffs were allowed damages for mental suffering unaccompanied by physical injury, flowing from the wrongful and improper burial of their infant child by the defendant. This decision we regard as the extreme proper application of the rules of law allowing damages for mental suffering alone, and we are constrained not to extend the doctrine beyond the application of the particular facts there involved. The acts were regarded by the court as wilful, and the wrong consisted in the violation of the rights of the parents to have decent interment for their infant child. It was also a physical invasion of the plaintiff's rights. That decision rests largely upon *Larson v. Chase*, 47 Minn.

307, 50 N. W. 238, 28 Am. St. 370, 14 L. R. A. 85, and *Burney v. Children's Hospital,* 169 Mass. 57, 47 N. E. 401, 61 Am. St. 273, 38 L. R. A. 413, in which states the courts recognize the full force of the common law rule as opposed to what we may term the Texas rule. In none of our own decisions have damages ever been allowed for mental suffering alone flowing from an act of mere negligence. The record of this case plainly shows that the failure of delivery of the message here involved was the result of negligence alone, which cannot be properly characterized as even gross. Nor was the wrong attended in the slightest degree by wilfulness on the part of appellant or its servants.

The problem here involved is, in no sense, one calling for the application of the common law or its reason to new conditions, as seems to be suggested by learned counsel for respondents. There is nothing new about mental suffering or the bringing it about by the actions of persons other than the sufferer himself. The negligent delay in conveying messages from one person to another, resulting in mental suffering, is no different in principle whether such message be conveyed by telegraph or other means which may have been in existence for hundreds of years. To attempt to fix a monetary value as damages for. such suffering would be to enter the realm of speculation, as much today as it would have been fifty or a hundred years ago. The only possible ground upon which such damages could be allowed would be the ground upon which punitive damages are allowed. This thought is expressed in some degree in some of the decisions we have noticed, but it is worthy of note in this connection that punitive damages are not recoverable in this state even when the injury upon which the claim is rested flows from gross negligence or wilful wrong, except when expressly allowed by statute. *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689; *Woodhouse v. Powles,* 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *McGill v. Fuller & Co.,*

45 Wash. 615, 88 Pac. 1038. Touching the application of the rules of the common law to new conditions, Justice Baker, speaking for the court in *Western Union Tel. Co. v. Ferguson*, 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 846, said:

"Though courts should and do extend the application of the rules of the common law to the new conditions of advancing civilization, they may not rightfully create a new principle unknown to the common law nor abrogate a known one. If new conditions cannot properly be met by the application of existing laws, the supplying of needful new laws is the province of the legislative, not the judicial, department. The 'mental anguish' law, so called, was first announced in *So Relle v. Western Union Tel. Co.*, 55 Tex. 308, 40 Am. Rep. 805, decided in 1881. Telegraphy was then a comparatively new element in society; but mental anguish antedated the beginnings of the common law."

In *McBride v. Sunset Tel. Co.*, 96 Fed. 81, observations of like import were made by the court as follows:

"The only cases in which courts may legitimately take advanced grounds is when new conditions present new problems to be solved, but even then the object should be to merely accomplish the adjustment of individual rights affected by new conditions consistently with the existing laws, and leave to the legislature the task of changing, amending, or creating laws."

And in *Rowan v. Western Union Tel. Co.*, 149 Fed. 550, 553, the court said:

"To permit of the recovery of damages for mental suffering alone is not the application of old principles to new conditions, but is the creation of a new right of recovery unknown to the common law as clearly as is the creation of a right of recovery for the killing of a human being. Such right, if it is to be created, is the province of the legislature, and not of the courts."

This court has, on many occasions, felt constrained to take somewhat advanced views in adapting the common law and its reason to new conditions, but it has never felt, and does not now feel, free to change the law or its application to prob-

lems and conditions which are in no sense new.   We are bound by the rules of the common law when clearly applicable to a problem in hand, and the constitution and statutes are silent.   It seems clear to us that that law and its reason calls for a reversal of this case in so far as respondents were awarded damages for their mental suffering alone.

We have not lost sight of the fact, which seems to be apparent from the record, that respondents were damaged in the sum of seventy-five cents, the sum they paid to appellant for the transmission of this message, resulting from appellant's negligence.   It is suggested, but the suggestion is presented to us without citation of authorities and practically without argument, that this damage is so connected with respondents' mental suffering as to allow the award in this case to be enhanced by the mental suffering in addition to respondents' loss of the seventy-five cents paid for the transmission of the message.   We are quite unable to agree with this view.   Respondents' actual monetary loss is measured here with absolute certainty, by the amount they paid for the transmission of the message.   That is wholly separable from the damage they suffered, if any, from mental distress.   This view finds support in *International Ocean Tel. Co. v. Saunders*, 32 Fla. 434, 14 South. 148, 21 L. R. A. 810.   We are of the opinion that respondents' mental suffering cannot be taken into consideration because of the fact that they also suffered this specific determinable money loss.

We conclude that the judgment must be reversed, and a new judgment entered, awarding to respondents damages in the sum of seventy-five cents only, together with their costs incurred in the trial court.   Appellant will recover its costs upon appeal in this court.

The cause is remanded to the trial court with directions to proceed accordingly.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.