[No. 13137.  Department One.  April 6, 1916.]

SUSIE A. O'MEARA et al., Respondents, v. R. E. RUSSELL et al., Appellants.[1]

DAMAGES—PERSONAL INJURIES—FRIGHT—PROXIMATE CAUSE.  Damages are recoverable for physical injuries to the person resulting naturally from fright caused by defendants' negligent act where the same was the proximate cause of the injury, although there was no impact to the person preceding the fright.

SAME—PERSONAL INJURIES—MENTAL SUFFERING—FRIGHT.  In an action for damages from physical injuries to the person caused by fright, it is not error to refuse to instruct that the plaintiff cannot recover for mental suffering "which was the result of fright and not of any physical injury," since the jury could have inferred that there could be no recovery where there was no physical injury causing the fright.

EXPLOSIVES—NEGLIGENCE—EVIDENCE—ADMISSIBILITY.  In an action for personal injuries from blasting in a city, evidence that defendants had no license to use explosives is not prejudicial, where the negligence was admitted.

APPEAL—REVIEW—VERDICT.  The supreme court will not disturb a verdict as excessive, where the trial court refused to disturb it, and the court is not satisfied that it is excessive.

Appeal from a judgment of the superior court for King county, Humphries, J., entered May 22, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through the setting off of a blast.  Affirmed.

*Preston & Thorgrimson (F. E. Sansom, on the brief), for appellants.*

*Jay C. Allen (Philip Tindall, of counsel), for respondents.*

MOUNT, J.—The plaintiffs recovered a judgment of $3,000, upon the verdict of a jury, for personal injuries resulting to Mrs. O'Meara.  The defendants have appealed from that judgment.

[1]Reported in 156 Pac. 550.

It appears that, in the summer of 1914, the appellants were clearing a street in the city of Seattle under a contract with the city. In doing this clearing, the appellants were using stumping powder in blasting stumps. The respondents lived in a house about one hundred and forty feet distant from the street which was being improved. On August 24 of that year, a stump was blown through the air a distance of about one hundred and fifty feet, and struck the eaves trough of the respondents' house near the corner of the house. Mrs. O'Meara was standing in the house near the door. She saw the stump coming toward her, and saw it strike the house a few feet above her head. She was so frightened by the occurrence that she does not know what occurred thereafter until she found herself at the home of a neighbor about four blocks away. She evidently ran away from the house after the shock.

The evidence tends to show that she was injured internally, either from the shock or in attempting to escape from the house after the stump had hit the house. At that time she was a woman about forty-five years of age, and prior to that time had had two surgical operations, one for the removal of gall stones and the other for the removal of a tumor. This last operation was performed about ten months previous to the time the stump struck the house. After these operations, she was comparatively well.

She testified that, after she came to herself at her neighbor's house, she felt severe pain internally, and thought that the incision which had been made for the operations had been opened; that she commenced to flow profusely, although her regular menstruation had ceased about ten days before. The doctors testified that she was thereafter tender about the liver, and was sensitive in the region of the bladder.

At the trial of the case, the court instructed the jury to the effect that, if they found that the defendants carelessly or negligently caused a quantity of stumping powder or other explosive to be discharged or set off in close proximity

to the plaintiffs' home, and that such explosion caused a stump to be thrown through the air and against the home of the plaintiffs, and that, by reason thereof, Mrs. O'Meara became frightened, and because thereof, through fear, and in an effort to protect herself and escape the threatened danger she sustained injuries to her person, internal organs, or her nervous system, and has suffered damages thereby, then it would be the duty of the jury to find a verdict for the plaintiffs, if they found that the negligence of the defendants was the proximate cause of the injury; and that if, by reason of the negligence of the defendants, she sustained injuries or damages to her person, internal organs or nervous system, then the defendants would be liable for such damages sustained; and that if, by reason of the vibration and concussion caused by the discharge of the blast, Mrs. O'Meara reasonably believed that she was in danger or peril, then the jury were charged that Mrs. O'Meara had a right to attempt to escape and flee from such danger.

There are several assignments of error, but the principal question presented upon this appeal is, Can there be a recovery for fright resulting in personal injury where there was no impact or injury to the person preceding the fright? It is not claimed that the stump which struck the respondents' house struck Mrs. O'Meara. It is strenuously argued by the appellants that, by reason of the fact that the stump did not touch Mrs. O'Meara, she was therefore merely frightened by it, and for that reason there can be no recovery.

The appellants rely principally upon the case of *Corcoran v. Postal Telegraph-Cable Co.*, 80 Wash. 570, 142 Pac. 29, L. R. A. 1915 B 552, where we held:

"That mental suffering, independent of physical injury, does not, at common law, render a person who merely negligently causes such suffering answerable in damages therefor is settled by the decisions of the great majority of the states of the Union, and by an unbroken line of decisions of the Federal courts."

Many of the cases from other states relied upon by the appellant are cited and quoted from in that opinion. That was a case where there was no physical injury claimed. The only claim of damages was that there was mental suffering by reason of the fact that a telegram was improperly addressed by the telegraph company and was not delivered. We desire to adhere to that rule. But we think it has no application to this case because there the only injury suffered was mental. There was no physical injury. In the case at bar, the injury, if the testimony of the respondents is to be believed, was physical, caused from fright.

The respondents rely upon the case of *Winston v. Terrace*, 78 Wash. 146, 138 Pac. 673. That was a case where the defendant entered upon the premises of the plaintiffs, and with a pistol frightened Mrs. Winston from her home, and in escaping therefrom she became nervous and disabled from performing her household duties, and lived in constant fear of Mr. Terrace for a number of months. We held that there could be a recovery under those circumstances. That was a case of willful invasion of the defendant's home. We think it is more nearly related to this case than is the *Corcoran* case above referred to. We do not desire to depart from the rule in either case, because we are satisfied that the rule announced in each of those cases is correct. We are of the opinion that the rule in the *Terrace* case is more nearly applicable to the case in hand than is the rule in the *Corcoran* case.

It is conceded in the briefs that the authorities in the different states are in hopeless conflict upon the question whether there can be a recovery in a case like this. It would be a work of supererogation, and would unduly lengthen this opinion, to review all of the cases cited from the different states upon the question here presented.

The rule is stated in 8 Am. & Eng. Ency. Law (2d ed.), 665, as follows:

"On this point there is much conflict in the cases. The weight of authority seems to be that in cases of negligence merely, where some actual damage must be shown to constitute a cause of action, the mere fear or nervous apprehension of physical injuries which are never, in fact, received is not such damage as will support the action, even though actual physical injury follows as a consequence of the mental disturbance. By some cases this principle is held to exclude recovery in all cases of mental distress or nervous shock resulting from negligence where there is no bodily injury contemporaneous therewith. Damages, therefore, for the result of a nervous shock or mental distress caused by apprehension of injury from an impending collision which did not occur were held, according to this doctrine, not recoverable; such consequences, it has been held, resulting rather from the condition and circumstances of the individual than the act of the defendant."

In 8 R. C. L. 525, the rule is stated as follows:

"While fright or nervous shock may always be considered in awarding damages where there is a contemporaneous physical injury, some of the courts hold that no recovery can be had for bodily pain and suffering resulting from fright caused by a negligent act where the fright is not accompanied by such injury. In a most extreme case it has been held that this is the rule even if the negligence was gross and the party in fault ought to have known that the result would follow his act. The reasons generally given for so holding are that the physical injury caused by the fright is not the proximate result of the wrongful act, and that, so contending, the physical injury is too remote or of a character too metaphysical or difficult of proof. Another reason sometimes advanced in those jurisdictions where there can be no recovery for fright is to the effect that, logically, there can be no recovery for the consequences thereof."

Many cases are cited in the footnotes supporting this rule, a number of which are referred to in the appellants' briefs. On page 527, 8 R. C. L., the other rule is stated as follows:

"It is a general and most salutary rule that bodily pain and suffering resulting from fright is a proper element of damage though no physical violence is done the person of

the plaintiff, provided, of course, the injury is the proximate result of the negligent act, or is the natural and probable consequence thereof. And so a recovery may be had where the fright reasonably induces action which results in external injury, applying the rule that if one, by negligence, puts another under a reasonable apprehension of personal physical injury, and the latter, in a reasonable effort to escape, sustains physical injury, he may recover for such injury and the mental disorder naturally incident to its occurrence. Some courts hold that recovery may be had for injuries which are the direct result of the fright and violent physical exertion occurring at the same time, though there is no personal contact, as by fright and the physical exertion of running away. The reasons usually given for the general rule stated are that bodily pain and suffering, and even physical personal injuries, may result from fright. Furthermore, a disturbance of the nervous system due to fright is recognized as a physical rather than a mental disease; and this may be the case though the mind is at the same time injuriously affected. Since the nerves are, as a matter of fact, a part of the physical system, if they are affected by fright to such an extent as to cause physical pain, the injury resulting therefrom is the direct result of the act producing the fright; and if the physical injury result directly from the fright or shock, such fright or shock is regarded as an element of proximate causation as truly as might be a physical impact from which like results must flow. The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient ground for refusing compensation. Generally speaking, no recovery can be had for physical injuries resulting from fright because of another's danger; and ordinarily, to warrant a recovery, the fright must have resulted from a tort committed by the plaintiff against the defendant, and not against a third person."

This rule, and each statement in it, is supported by abundant authorities cited in the footnotes. We are of the opinion that this is the more reasonable rule to be applied to the case now in hand.

It is true there was no physical impact of the stump against the person of Mrs. O'Meara. But it is manifest that if this

stump had touched the person of Mrs. O'Meara in the slightest degree, then the appellants, under all the authorities, would be entitled to recover ·for all resulting injuries. The mere fact that it did not touch her seems not a sufficient reason for holding that the results which follow may not be recovered for. When Mrs. O'Meara heard the blast which hurled the stump in her direction, and when she saw the stump coming, she no doubt stated truthfully that she thought it would strike her. It did not strike her; but it struck the house a few feet above her head. That she was frightened, there can be no doubt. She clearly was justified in attempting to escape from the peril which then confronted her. And if in attempting to escape, even by leaving the house, or running up a hill, which she did, injuries were caused to her person thereby, it seems upon reason, as well as upon authority, that she would be entitled to recover for the injuries naturally resulting from that fright.

We think this case is entirely different from a case where the injuries are psychological and not physical. In this case the injuries resulting from the fright were physical injuries. They were not psychological or mental. It seems, under these circumstances, where there is physical injury which results naturally, that the injured person is entitled to recover equally as though there had been a direct impact which caused the same injury. We therefore desire to follow the rule last above stated. It is not in conflict with the *Corcoran* case; and we think it is a just and reasonable rule. We are satisfied that the court properly instructed the jury upon that question.

·The court refused an instruction requested by the appellants as follows:

"You are instructed that the plaintiffs cannot recover for the mental suffering, if any, of the plaintiff, Mrs. O'Meara, which was the result of fright, and not of any physical injury."

It is not clear just what is meant by this instruction when considered with reference to the facts in the case. If it were meant to request the court to instruct the jury that there could be no recovery for mental suffering alone, if they found there was no physical injury, then no doubt, under the rule in the *Corcoran* case, such an instruction might have been proper. But we think this instruction was too broad under the facts in the case, because it impliedly says to the jury that there can be no recovery for mental suffering which was the result of fright and not of physical injury. The jury would have inferred from this last statement that there could be no recovery where there was no physical injury causing the fright. We think, therefore, the court was not required to give the instruction.

The appellant next contends that the court erred in receiving evidence to the effect that the contractors did not have a license from the city to use explosives within the city limits. It is claimed by the appellants that negligence was not an issue in the case because counsel for the appellants had admitted that there was negligence of the defendants, and that the offer of this evidence was prejudicial. While there was probably no necessity of permitting this evidence to go to the jury, we think this was not reversible error.

It is next contended that there is no proof of physical injury resulting from the fright. If the testimony of the respondents is to be believed, and some of the physicians who testified upon the question, we think there can be no doubt that there was sufficient evidence to go to the jury upon this question.

It is lastly argued that the damages awarded are excessive. This depends, of course, upon the extent of the injuries. The character of the injuries were no doubt more or less subjective. But it was shown that Mrs. O'Meara had lost weight and health, and there were symptoms of internal injuries which may be permanent. In view of the fact that the trial court refused to disturb the verdict, and because we

are not satisfied the verdict is excessive, we shall not disturb the judgment.

We find no prejudicial error. The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.