[No. 14712.  Department Two.  September 23, 1918.]

ARTHUR B. KNEASS *et al., Respondents,* v. CREMATION SOCIETY OF WASHINGTON, *Appellant.*[1]

APPEAL — HARMLESS ERROR — NOT AFFECTING RESULT.  Whether plaintiff split a single cause of action is immaterial, where on appeal it is decided that appellant was not liable on the second cause of action.

DEAD BODIES—NEGLIGENCE—DAMAGES—MENTAL SUFFERING.  Since there can be no recovery for damages arising from mental anguish as a result of negligence when not accompanied by physical injury, there can be no recovery therefor against a cremation company for negligence in failing to keep and deliver the ashes of a child as provided in the parent's contract for its cremation.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 1, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort.  Reversed.

*Peterson & Macbride,* for appellant.

*Oscar G. Heaton* and *Cole & Dolby,* for respondents.

MOUNT, J.—In November, 1913, an infant child was born to Mr. and Mrs. Kneass.  Three days later the child died.  Its body was sent to the Cremation Society of Washington to be cremated.  At that time Mr. Kneass was informed that the charges for the cremation, with an urn or permanent receptacle for the ashes, would be $12.  He was also informed that the ashes of the infant would be safely cared for until called for.  Mr. Kneass paid the cremation society $12 for the cremation of the body, and three years later called for the ashes of the infant, which could not be found.  Thereafter another call was made for the ashes and a further effort failed to find them.  Later, and

[1]Reported in 175 Pac. 172.

in January, 1917, Mrs. Kneass called the cremation
society over the phone and was then informed that the
ashes could not be found and that no further effort
would be made to find them. Thereupon, Mr. and Mrs.
Kneass brought this action for damages. The com-
plaint alleged two causes of action, to the effect: First,
that the defendant agreed that it would safely keep
the ashes until called for by the plaintiffs; that the
plaintiffs paid the defendant $12 for said cremation
and an urn; that, upon demand, defendant refused to
deliver the ashes or the urn; and that, by reason
thereof, the plaintiffs were damaged in the sum of
$2,500. For a second cause of action, the same facts
were alleged, and the complaint then alleged further:

"That, because and by reason of their love and af-
fection for said child, and its remains, and because and
by reason of all the acts of negligence and carelessness
of said defendant company in losing or destroying, or
permitting to be lost or destroyed, or converting to
their own use and benefit, the said urn and the said
ashes of the said infant daughter, Elizabeth Kneass,
so that plaintiffs have no knowledge of the last rest-
ing place of the remains or ashes of said deceased
child, they have suffered great distress of mind, worry
and mental agony, and their rest and peace of mind
has been almost wholly broken up and destroyed, in
so much that the physical health and welfare of plain-
tiffs has been seriously impaired and threatened; all
to the damage of the plaintiffs in the sum of five thou-
sand dollars ($5,000)."

For answer the defendant admitted receiving the
body of the infant child at the time alleged; admitted
that it received $12 for the cremation thereof and for
an urn; admitted that the ashes had been lost, but de-
nied any act of negligence. On these issues the case
was tried to the court and a jury. The jury returned
a verdict of $200 in favor of the plaintiffs on the first

cause of action and $300 upon the second cause of action. Upon motion for a new trial and for judgment notwithstanding the verdict, the court required the plaintiffs to remit all but $12 upon the first cause of action and denied a motion for a directed verdict, and entered judgment for $12 upon the first cause of action and $300 upon the second. The defendant has appealed from that part of the judgment allowing damages upon the second cause of action.

Appellant argues at length that the trial court should have sustained its objection to any evidence under the second cause of action, because respondents have undertaken by the complaint to split one cause of action into two causes. It will not be necessary, we think, to consider this point, because if two causes of action are stated and we should conclude that both should be stated as one, the result would be the same.

The main point made by the appellant is that there can be no recovery of damages arising from mental anguish or distress of mind as a result of negligence when not accompanied by physical injury. The appellant relies upon the case of *Corcoran v. Postal Telegraph-Cable Co.*, 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 552, where we held, in substance, that there could be no recovery on account of the nondelivery of a telegram which resulted in mental anguish where no physical injury or pecuniary loss resulted. The respondent relies upon *O'Meara v. Russell*, 90 Wash. 557, 156 Pac. 550, L. R. A. 1916E 743, and *Wright v. Beardsley*, 46 Wash. 16, 89 Pac. 172. In *Corcoran v. Postal Telegraph-Cable Co., supra,* we took occasion to review at length the authorities of this and other courts upon the question here presented; and, after a painstaking consideration of many authorities and much of the law upon this question, we there concluded that the

rule supported by the great weight of authority was that no damages could be recovered for mental suffering flowing from an act of negligence where there was no physical injury to the plaintiff. In that case, in referring to the case of *Wright v. Beardsley, supra,* we said:

"The plaintiffs were allowed damages for mental suffering unaccompanied by physical injury, flowing from the wrongful and improper burial of their infant child by the defendant. This decision we regard as the extreme proper application of the rules of law allowing damages for mental suffering alone, and we are constrained not to extend the doctrine beyond the application of the particular facts there involved. The acts were regarded by the court as wilful, and the wrong consisted in the violation of the rights of the parents to have decent interment for their infant child. It was also a physical invasion of the plaintiff's rights."

It will be seen that the rule in the *Wright* case was based upon a wilful wrong and the physical invasion of the plaintiff's rights. To apply that case to this would be to extend the rule in that case. The case of *O'Meara v. Russell, supra,* was written after the decision in the *Corcoran* case. In the *O'Meara* case, the facts were that an explosion caused a stump to be thrown through the air and against the home of Mrs. O'Meara while she was standing in the door and saw the stump coming towards her; that, through fear and effort to protect herself and escape the threatened danger, she suffered injury to her person and to her nervous system. That was a case where physical injuries resulted to the plaintiff at the time, and we, in effect, held that the injury caused by the fright and shock was not psychological but was physical, and for that reason sustained a recovery. We are of the opinion that the *O'Meara* case is plainly distinguish-

able from this case because the fright and shock caused the physical injury at the time. In the case now before us, there is no allegation that there was any physical injury. The allegation is that the plaintiffs

"have suffered great distress of mind, worry and mental agony, and their rest and peace of mind has been almost wholly broken up and destroyed in so much that the physical health and welfare of plaintiffs has been seriously impaired and threatened; . . ."

It is apparent from this allegation that, whatever physical injury has resulted to the health of the respondents, has been from mental worry and agony and not from physical injury. In the *O'Meara* case, the mental anguish was the result of physical injury at the time. The respondents claim in their brief that there was wilful disregard of the respondents' rights, but the only evidence in the record of any wilful disregard of the respondents' rights is the fact that, after the appellant had made two or three unsuccessful efforts to find the ashes of the infant child, it told the respondents it would have nothing further to do with the matter. The record conclusively shows that, at most, the appellant was negligent in not keeping these ashes where they could be found at any time. No other negligence is alleged or claimed; so that it is apparent, both from the evidence and from the allegations of the complaint, that there was no wilful or wanton conduct on the part of the crematorium society in losing the ashes. The evidence tends to show at least that the loss was caused by reason of the length of time the ashes were kept—three years after cremation, and no call for them within that time—and that probably the label was lost from the urn and, for that reason, the ashes could not be identified. We are of the opinion that the rule announced in *Corcoran v. Postal Telegraph-Cable Co., supra,* is the rule properly applicable

to the facts in this case, and that, under that rule, there could be no recovery for mental suffering and anguish caused by negligence where no physical injury was inflicted and no pecuniary loss resulted.

We are satisfied, therefore, that the trial court should have refused the evidence offered under this cause of action, and should have granted judgment notwithstanding the verdict thereon.

That part of the order appealed from is therefore reversed.

MAIN, C. J., and HOLCOMB, J., concur.

MACKINTOSH, J. (concurring)—I am forced to the conclusion that this court has heretofore adopted two irreconcilable positions in actions seeking to recover damages for injuries alleged to have resulted in mental suffering. The case of *Wright v. Beardsley*, 46 Wash. 16, 89 Pac. 172, allowed recovery for mental suffering arising from the wrongful and improper burial of the plaintiff's child; *Corcoran v. Postal Telegraph-Cable Co.*, 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 552, denied recovery for mental suffering arising from the wrongful and improper handling of a telegram notifying the plaintiffs of the death of their child. The *Corcoran* case does not, in terms, overrule the *Wright* case, but in effect it does so, although the opinion, in referring to the *Wright* case, attempts a distinction on the ground that the act there complained of was a physical invasion of the plaintiff's rights. In the case of *O'Meara v. Russell*, 90 Wash. 557, 156 Pac. 550, L. R. A. 1916E 743, a recovery was allowed for injuries resulting from fright, the court attempting to distinguish that case from the *Corcoran* case on the ground that fright was accompanied by physical injuries resulting therefrom, the complaint in that case having alleged that "the plaintiff did suffer great men-

tal and physical pain and fright, and because of said fright and in her attempt to escape from the threatened danger, she was compelled to, and did, flee from said house, and became and was injured in and about her nerve-centers, and her nervous system was greatly shocked and injured.''

Science teaches—and our common experience confirms it—that every severe mental disturbance, whether it takes the form of fright, or anger, or sorrow, or nostalgia, or any other violent emotional expression, has a concomitant physical result, the manifestation of the physical accompaniment being governed by the condition of the subject and by the intellectual control which he has of himself. The greater the will power which a subject may possess, the less will be the physical effect of the mental disturbance. If these statements are true, there is no such thing as acute mental pain and suffering without some physical effect, in many cases not subject to ocular proof, but present in all cases and only differing in degree; and it follows that every allegation of mental pain and suffering impliedly includes the physical effect which accompanies it.

The *Corcoran* and *O'Meara* cases are, therefore, in conflict, as a matter of fact, though the distinction is sought to be made upon the ground that, in the *O'Meara* case, there was an allegation of physical pain and suffering, while there was no such allegation in the *Corcoran* case. If this is a true ground for distinction, then the case at bar falls directly within the *O'Meara* case; for, in the case at bar, the allegations of the effect of the defendant's acts are set forth in the complaint as quoted in Judge Mount's opinion, and I am unable to distinguish them from the allegations in the *O'Meara* case. In both cases it was alleged that physical injuries had been inflicted by, and as a result

of, the mental pain and suffering; and it is beyond my power of discrimination to differentiate between the physical effect which may result from sorrow and the physical effect which may result from fright. If there is no such difference, then the case at bar cannot be distinguished from the *O'Meara* case. Attempting to distinguish it, the writer of the opinion says: "We are of the opinion that the *O'Meara* case is plainly distinguishable from this case because the fright and shock caused the physical injury at the time. In the case now before us, there is no allegation that there was any physical injury." The latter statement is not borne out by the quotation from the complaint referred to. The attempt to distinguish upon the ground that the physical injury was coincident with the fright in one case, and was not coincident with the sorrow in the other, is not convincing, and would seem to put a premium upon those who have little control over their emotional demonstrations.

In my opinion, the *O'Meara* case should have fallen within the rule of the *Corcoran* case, for the reason that the physical result of mental pain and suffering cannot be separated from the mental pain and suffering itself, and that it always accompanies mental pain and suffering to some extent; and the case at bar being "on all fours" with the *O'Meara* case, is correctly decided when it repudiates the doctrine of that case and follows the *Corcoran* decision. I concur in this result, but feel that the opinion should expressly recognize that the doctrine announced in the *O'Meara* case is improper, and expressly overrule that case, as it has actually been overruled.

Chadwick, J., concurs.